**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Kelli O'MALLEY, Defendant–**
**Appellant.**

**Nos. 00–4365, 00–5416.**

United States Court of Appeals,
Sixth Circuit.

Submitted: July 12, 2001.

Decided and Filed: June 9, 2003.

---

Ralph William Kohnen, U.S. Attorney's Office, Cincinnati, OH, for U.S in No. 00–4365.

Joseph D. Heyd, General Elec. Aircraft Engines, Legal Operations, Cincinnati, OH, for Kelli K. O'Malley, in No. 00–4365.

Charles P. Wisdom, Jr., Asst. U.S. Atty., Kenneth R. Taylor (briefed), Asst. U.S. Atty., Lexington, KY, for U.S. in No. 00–5416.

John K. West, McCoy, West, Franklin & Beal, Lexington, KY, for Kelli K. O'Malley, in No. 00–5416.

Before SILER and GILMAN, Circuit Judges; DONALD, District Judge.*

## OPINION

PER CURIAM.

Defendant Kelli O'Malley appeals her sentences from two separate district courts upon her pleas of guilty to charges of conspiring to steal firearms from federally licensed firearms dealers, in violation of 18 U.S.C. § 371, and the substantive charge of theft of firearms from a licensed firearms dealer, in violation of 18 U.S.C. § 922(u), in the Eastern District of Kentucky; and the charge of receipt of stolen firearms shipped in interstate commerce, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2), in the Southern District of Ohio. She was sentenced to a term of thirty-seven months in the Eastern District of Kentucky. The court enhanced her base offense level under USSG § 2K2.1(a)(5) on the erroneous conclusion that one of the firearms taken in the burglary was an illegal semi-automatic Norinco assault weapon. After being sentenced in Kentucky, she was thereafter sentenced in the Southern District of Ohio to thirty months concurrent with the previous sentence from the Eastern District of Kentucky. Because of excusable errors made in the enhancement of the sentences, we vacate her sentences from both courts and remand the cases to the respective district courts for resentencing.

O'Malley was involved in a conspiracy with others to steal firearms from gun dealers and transport the firearms in interstate commerce. At the time of the sentencings in both district courts, the courts had been informed by the probation offices and the prosecution that one of the

* The Honorable Bernice Bouie Donald, United States District Judge for the Western District of Tennessee, sitting by designation.

weapons taken in a burglary in Kentucky was an illegal semi-automatic Norinco assault weapon prohibited under 18 U.S.C. § 921(a)(30)(A). That weapon was the basis for O'Malley's sentencing enhancement, as the district courts found that the theft and possession of such an illegal firearm was foreseeable by the members of the conspiracy. On appeal, the attorneys on both sides continued to believe that the firearm in question was illegal. Thus, the issue became whether the theft of that firearm from a licensed dealer was foreseeable to O'Malley. If it was foreseeable, then the enhancement applied; if not, the enhancement did not apply.

The United States has now conceded that it was in error in this case, and the defense accepts that concession. All, including the district courts and this court originally, acted under the misapprehension that the firearm in question was illegal. Instead, the parties now concede that the weapon in question is a Norinco Kalashnikav, a weapon which is not illegal per se, but is legal to buy, so long as it was manufactured or imported before the ban against such weapons. *See* 18 U.S.C. § 922(v)(2); *National Rifle Ass'n v. Magaw*, 132 F.3d 272(277)(6th Cir.1997) (grandfather provision permits possession of semi-automatic weapons lawfully possessed on date of enactment of Crime Control Act). Thus, any reference in our prior opinion, declaring that it is unlawful for a person to transfer or possess a semi-automatic assault weapon, is vacated, to the extent it is inconsistent with this opinion.

Therefore, the sentences in both cases are vacated, and these cases are remanded to the respective district courts for resentencing consistent with this opinion.