[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 8, 2004
THOMAS  K. KAHN
CLERK

No. 03-13329

D. C. Docket No. 03-20108-CR-JEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HERNAN MARCELO VEGA,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Florida

**(April 8, 2004)**

Before TJOFLAT, BARKETT and SILER[*], Circuit Judges.

SILER, Circuit Judge:

---

[*] Honorable Eugene E. Siler, Jr., United States Circuit Judge for the Sixth Circuit, sitting by designation.

Defendant Hernan Marcelo Vega, having pleaded guilty to three counts of making false statements in connection with the purchase of firearms in violation of 18 U.S.C. § 924(a)(1)(A), appeals the district court's calculation of his sentence. We reverse.

Vega was charged in a ten-count indictment for various instances of giving a fake address on ATF form 4473 when attempting to purchase a firearm, in violation of 18 U.S.C. § 924(a)(1)(A). He eventually pleaded guilty to three counts in exchange for the government's dismissal of the remaining seven. At sentencing, the court set his base offense level at 18 because under USSG § 2K2.1(a)(5) his offense "involved a firearm described in . . . 18 U.S.C. § 921(a)(30)" - namely, an Action Arms UZI (listed in 18 U.S.C. § 921(a)(30)(A)(ii)) - and the firearm was not of the type "exempted under the provisions of 18 U.S.C. § 922(v)(3)." USSG § 2K2.1, comment. (n.3) (2003). Vega objected on the ground that the enhanced offense level (18, as opposed to 12) should not apply because the government had not proved that the UZI was an *illegal* UZI, *i.e.,* one manufactured *after* the semiautomatic assault weapons ban enacted in 1994.[1] The district court rejected Vega's argument but

_____

[1]Not all semiautomatic assault weapons are illegal. The "grandfather" provision of the 1994 assault weapons ban ensured that the ban did not apply to the possession or sale of such assault weapons otherwise lawfully possessed under federal law on the date of its enactment. *See* 18 U.S.C. § 922(v)(2).

sentenced him to the minimum sentence permitted by the applicable range (37 months).

The issue squarely before this court is whether the United States Sentencing Commission (the "Commission") exceeded its authority in providing for a sentencing enhancement for crimes involving semi-automatic weapons legally possessed under the "grandfather" provision of the 1994 assault weapons ban. Reviewing this question of law *de novo*, *see, e.g., United States v. Smith,* 54 F.3d 690, 691 (11th Cir. 1995), we find that it did.

In 1984, Congress created the Commission, charging it with "establish[ing] sentencing policies and practices for the Federal criminal justice system." 28 U.S.C. § 991(b) (1985). The enabling legislation granted the Commission "significant discretion in formulating guidelines." *Mistretta v. United States,* 488 U.S. 361, 377 (1989). The Commission's authority, however, is not plenary. In the event a guideline conflicts with a statute, the discretion of the Commission "must bow to the specific directives of Congress." *United States v. LaBonte,* 520 U.S. 751, 757 (1997). *See also United States v. Eggersdorf,* 126 F.3d 1318, 1320 (11th Cir. 1997) ("The statute controls in the event of a conflict between the guideline and the statute.").

Here, we simply cannot reconcile USSG § 2K2.1(a)(5) with 18 U.S.C. § 922(v)(2). Subsection 922(v)(2) exempts all weapons purchased or transferred before

3

Congress enacted the assault weapons ban, codified in the preceding subsection (18 U.S.C. § 922(v)(1)). In making it lawful to possess pre-ban semi-automatic weapons, Congress expressed a desire to protect this activity. It makes little sense, then, to provide for increased base offense levels for protected conduct. There exists inherent tension between § 2K2.1(a)(5) and 18 U.S.C. § 922(v)(2), and, as the Supreme Court has made clear, *see LaBonte,* 520 U.S. at 757, in such situations the Commission's guideline must bow to the Congressional directive.

We are not the first circuit to hold that § 2K2.1(a)(5) cannot coexist with 18 U.S.C. § 922(v)(2). *See United States v. O'Malley,* 332 F.3d 361 (6th Cir. 2003). The only cases to the contrary are two unpublished cases. *See United States v. Emerson,* 86 Fed. Appx. 696 (5th Cir. 2004); *United States v. Hayes,* 68 Fed. Appx. 432 (4th Cir. 2003). We agree with the Sixth Circuit that the Commission cannot increase an offense level for possession of a semi-automatic weapon that is legal to possess, and that for the increased offense level under § 2K2.1(a)(5) to apply, the prosecution must first prove that the semi-automatic weapon in question is, in fact, illegal.

For the foregoing reasons, we REVERSE the decision of the district court and REMAND for resentencing.