[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 8, 2004
THOMAS  K. KAHN
CLERK

_____

No.  03-13329

_____

D.C. Docket No. 03-20108-CR-JEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HERNAN MARCELO VEGA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(December 8, 2004)**

Before TJOFLAT, BARKETT and SILER[*], Circuit Judges.

PER CURIAM:

_____

[*] Honorable Eugene E. Siler, Jr., United States Circuit Judge for the Sixth Circuit, sitting by designation.

The United States's Petition for Rehearing is GRANTED. The opinion issued on April 8, 2004, in <u>United States v. Vega</u>, 365 F.3d 988, is VACATED, and we substitute the following as the opinion of the court:

I.

Hernan Marcelo Vega pleaded gulity to three counts of making false statements in connection with the purchase of firearms in violation of 18 U.S.C. § 924(a)(1)(A). At sentencing, the district court set Vega's offense level at an enhanced 18 because his offense involved an Action Arms UZI, a semiautomatic assault weapon. <u>See</u> U.S.S.G. § 2K2.1(a)(5) (providing for an enhancement for illegal transactions involving semiautomatic weapons); 18 U.S.C. § 921(a)(30)(A)(ii) (1994) (listing the Action Arms UZI as a covered weapon). Vega objected to the enhancement on the theory that it could only reach illegal UZIs—that is, UZIs manufactured after semiautomatic weapons were banned in 1994—and that the government had not proven that the UZI involved in the transaction at issue was an illegal one under the ban. The court overruled the objection and sentenced Vega to concurrent prison terms of 37 months. He now appeals his sentences, contending that the district court erred in applying § 2K2.1(a)(5) as it did.

II.

2

Strictly speaking, the charges to which Vega pleaded guilty are based on a statute that makes no distinction between pre- and post-ban semiautomatic weapons. See 18 U.S.C. § 924(a)(1)(A) (penalizing the act of giving false statements or representations in connection with the transfer of firearms). Nor does it make any distinction between semiautomatic and other types of weapons, which opens the possibility that Congress meant all acts covered by the statute to be treated similarly, or else, as Vega suggests, to be treated in accordance with exceptions and other provisions for specific firearms made elsewhere in Chapter 44 of Title 18, viz., in this case, 18 U.S.C. § 922(v)(2) (1994) (exempting from penalty under the semiautomatic weapons ban statute the possession or transfer of those weapons manufactured before the ban's effective date).

No such reading is required, however. The question before the court is simply whether the Sentencing Commission could rationally have decided to increase the penalty for supplying false information in connection with a firearms purchase when semiautomatic firearms are the object of purchase. This it could have done. First, there is no statutory barrier to its having done so. Whatever Congress's intent was in distinguishing between pre- and post-ban semiautomatic weapons elsewhere in the chapter, it seems unlikely that it was based on a judgment that pre-ban weapons were safer or otherwise less worrisome than post-

3

ban weapons. What is clear is that Congress intended to single out and penalize semiautomatic weapons, including the UZI at issue in this case. Second, following suit, the Sentencing Commission could well have decided that a person making false statements in procuring a semiautomatic weapon poses a greater risk to society than one making such statements in connection with a handgun purchase, a judgment that need not hinge on the manufacture date of the weapon. Indeed, this is a sentiment that Congress appeared to share. In the same act in which Congress added the semiautomatic weapons ban that appeared in 18 U.S.C. § 922(v), it increased the penalty for the use or presence of a firearm in the commission of a crime of violence or drug trafficking crime from five years to ten years when that firearm is a semiautomatic assault weapon of apparently any vintage. See Violent Crime Control and Law Enforcement Act of 1994, Pub. L. No. 103-322, § 110102(c)(2), 108 Stat. 1796, 1998; 18 U.S.C. § 924(c)(1) (1994).

In short, whatever dissonance may be produced by reading 18 U.S.C. § 922(v)(2) with U.S.S.G. § 2K2.1(a)(5), we are satisfied that the sentencing enhancement is in harmony with 18 U.S.C. § 924(a)(1)(A) and 18 U.S.C. § 921(a)(30)(A)(ii), the statutes that actually form the basis for the charges to which Vega pleaded guilty in this case. Vega's sentences are therefore

AFFIRMED.