**UNITED STATES of America, Plaintiff–Appellant,**

v.

**Norman WEIR, Defendant–Appellee.**

No. 93–3430.

United States Court of Appeals, Eleventh Circuit.

May 10, 1995.

Douglas N. Frazier, U.S. Atty., I. Randall Gold, Tamara Phipps, Asst. U.S. Attys., Orlando, FL, for appellant.

James T. Skuthan, Asst. Federal Public Defender, Orlando, FL, for appellee.

Before BLACK and BARKETT, Circuit Judges, and RONEY, Senior Circuit Judge.

RONEY, Senior Circuit Judge:

 We hold that a conviction of conspiracy to possess with intent to distribute marijuana is a "controlled substance offense" for purposes of career criminal sentence enhancement under section 4B1.1 of the United States Sentencing Guidelines. This decision conflicts with a decision of the D.C.Circuit, upon which the district court relied in finding that defendant-appellee was not a career offender for enhancement purposes. *United States v. Price* 990 F.2d 1367 (D.C.Cir.1993). It puts us in accord, however, with most of the circuits that have decided the issue since

the imposition of defendant-appellee's sentence. *United States v. Piper,* 35 F.3d 611, 616–17 (1st Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1118, 130 L.Ed.2d 1082 (1995) (rejecting *Price* ); *United States v. Hightower,* 25 F.3d 182, 186–87 (3d Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 370, 130 L.Ed.2d 322 (1994) (same); *United States v. Kennedy,* 32 F.3d 876, 888 (4th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 939, 130 L.Ed.2d 883 (1994) (same); *United States v. Damerville,* 27 F.3d 254, 256–57 (7th Cir.), *cert. denied,* —— U.S.——, 115 S.Ct. 445, 130 L.Ed.2d 355 (1994) (same); *United States v. Baker,* 16 F.3d 854, 857 (8th Cir.1994) (same); *Dyer v. United States,* 23 F.3d 1421, 1424 n. 2 (8th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 136, 130 L.Ed.2d 78 (1994) (same); *United States v. Heim,* 15 F.3d 830, 831–32 (9th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 55, 130 L.Ed.2d 14 (1994) (same); *United States v. Allen,* 24 F.3d 1180, 1186 (10th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 493, 130 L.Ed.2d 404 (1994) (same).

Only one other circuit appears to support *Price.* *United States v. Bellazerius,* 24 F.3d 698, 701–02 (5th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 375, 130 L.Ed.2d 326 (1994).

Norman Weir pled guilty to bank robbery in violation of 18 U.S.C. § 2113. Weir previously had been convicted of a prior bank robbery and conspiracy to possess with the intent to distribute marijuana. Section 4B1.1 requires that the instant offense and the two prior convictions used to define a career offender for enhancement purposes must be for either a crime of violence or for a controlled substance offense. Weir's prior bank robbery conviction and the instant bank robbery both constitute crimes of violence. The probation officer considered Weir's marijuana conviction to be a controlled substance offense as the second prior conviction. The defense, citing *Price,* objected to the classification of Weir's conviction as a controlled substance offense because it involved a conspiracy, not a substantive offense. The district court, noting a lack of contrary precedent, followed *Price* and sentenced Weir to forty-six months imprisonment, three years supervised release, and restitution. The Government appealed.

Weir contends that 28 U.S.C. § 994(h), the statute that the Guideline's Commission commentary cites as section 4B1.1's mandate, does not specifically refer to the conspiracy statute when delineating which statutes' violation provide for the imposition of career offender status. Therefore, the Commission overstepped its mandate when it classified drug conspiracies as controlled substance offenses.

The Government argues, rightfully, in our judgment, that the majority of circuits, not *Price,* properly decided the issue. First, although the commentary to section 4B1.1 states that the career offender provision is implementing the mandate of 28 U.S.C. § 994(h), it does not suggest that section 994(h) is the only mandate for that provision. 28 U.S.C. § 994(a), the Guidelines' enabling statute, provides independent grounds for the career offender provision, and the language of this section grants sufficient authority to the Commission to include drug conspiracies in its definition of controlled substance offenses. Second, the legislative history indicates that the specific offenses listed in section 994(h) are not necessarily exhaustive. Finally, common sense dictates that conspiring to distribute drugs constitutes a controlled substance offense. *See United States v. Kennedy,* 32 F.3d at 888, *citing* S.Rep. No. 225, 98th Cong., 2d Sess. 176 (1984), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3359; *United States v. Parson,* 955 F.2d 858, 867 (3d Cir.1992).

We note the defendant argues that the Government waived its right to appeal the failure of the district court to enhance his sentence. In *United States v. Jones,* 899 F.2d 1097, 1102–03 (11th Cir.), *cert. denied,* 498 U.S. 906, 111 S.Ct. 275, 112 L.Ed.2d 230 (1990), we held that a party's failure to object to the sentencing court's findings of fact and conclusions of law waives any objection for appeal purposes, unless this would result in manifest injustice. A Government waiver here would not result in manifest injustice. A review of the record, however, reveals that the mandate in *Jones* that the sentencing court be informed of the Government's objections before appeal has been met.

In *Jones,* we thoroughly explained the post-conviction, pre-sentence procedure

wherein a pre-sentence investigation report is prepared by a probation officer, and the district judge resolves all disputes regarding the report after counsel are given an opportunity to be heard. The district court must offer the parties the opportunity to object to the report. Since issues outside the scope of the pre-sentence investigation report can arise at sentencing, the district court must also offer the parties the opportunity to object to the court's ultimate findings of fact and conclusions of law. Once given these opportunities, failure to object will constitute waiver.

It is undisputed that at the sentencing hearing the district judge gave the parties the opportunity to object to the pre-sentence investigation report. Weir, citing *Price*, objected to his classification as a career offender and moved for a sentence without the career criminal enhancement. The Government opposed Weir's motion and fully articulated its objections to the application of *Price*. After hearing all arguments on the issue, the district court chose not to adopt this recommendation for enhancement in the report. Contrary to Weir's argument, the Government's failure to repeat its objection to the application of *Price* after the imposition of the sentence does not preclude the Government from raising this issue on appeal. *Jones* provides for post-sentence objections because new issues may arise between the pre-sentence report and the imposition of sentence. If the relevant objection is raised after the presentation of the report, however, but before the actual imposition of the sentence, *Jones* is satisfied. *See United States v. Brokemond*, 959 F.2d 206, 210–11 (11th Cir.1992); *see also United States v. Sanchez*, 908 F.2d 1443, 1447 (9th Cir.1990). The district court clearly understood the Government's position and specifically rejected it. This satisfied the purpose of *Jones* to allow the district court to make a studied decision on the objection.

SENTENCE VACATED AND REMANDED.