[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10970
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-00354-WSD-JSA-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EMILSO GONZALEZ-MENDEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(October 31, 2013)

Before MARCUS, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Emilso Gonzalez-Mendez appeals his 60-month sentence after pleading guilty to one count of unlawful re-entry by a previously removed alien, in violation of 8 U.S.C. § 1326(a) and (b)(2). The district court imposed the within-range sentence after applying a 16-level increase to his offense level under U.S.S.G. § 2L1.2(b)(1)(A), because he was previously removed from the United States following a conviction for a crime of violence. On appeal, he argues that his sentence was substantively unreasonable. After careful review, we affirm.

Here, Gonzalez-Mendez's argument for a below-range sentence was sufficiently made during the sentencing hearing to preserve the issue of reasonableness for appeal, despite his failure to object at the close of the hearing.[1] Consequently, we review the sentence the district court imposed for "reasonableness," which "merely asks whether the trial court abused its discretion." United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir.2008) (quoting Rita v. United States, 551 U.S. 338, 351 (2007)).

---

[1] As an initial matter, we are unpersuaded by the government's argument that Gonzalez-Mendez failed to preserve his objection to his sentence because Gonzalez-Mendez did not object to the sentence at the conclusion of the sentencing hearing. Federal Rule of Criminal Procedure 51(b) provides that a party may preserve a claim of error by "informing the court -- when the court ruling or order is made or sought -- of the action the party wishes the court to take." Fed.R.Crim.P. 51(b). In United States v. Jones, we directed the district courts to request objections at the conclusion of sentencing hearings, and indicated that if a party did not then object, he would waive the issue for the purposes of appeal. 899 F.2d 1097, 1103 (11th Cir. 1990), overruled on other grounds by United States v. Morrill, 984 F.2d 1136 (11th Cir. 1993). However, we have also held that Jones is satisfied where a party objects after the presentation of the presentence investigation report but before the imposition of the sentence. United States v. Weir, 51 F.3d 1031, 1033 (11th Cir. 1995); see also United States v. Hoffer, 129 F.3d 1196, 1202-03 (11th Cir. 1997) (stating that, as long as a party objects at some point in the sentencing hearing, it does not waive that objection by failing to repeat it after the sentence is imposed).

In reviewing sentences for reasonableness, we typically perform two steps. Id. at 1190. First, we "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'" Id. (quoting Gall v. United States, 552 U.S. 38, 51 (2007)).[2]

If we conclude that the district court did not procedurally err, we consider the "'substantive reasonableness of the sentence imposed under an abuse-of-discretion standard,'" based on the "'totality of the circumstances.'" Id. (quoting Gall, 552 U.S. at 51). Applying "deferential" review, we must determine "whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir.2005). "[W]e will not second guess the weight (or lack thereof) that the [court] accorded to a given factor ... as long as the sentence ultimately imposed

---

[2]    The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

is reasonable in light of all the circumstances presented." United States v. Snipes, 611 F.3d 855, 872 (11th Cir.2010) (quotation, alteration and emphasis omitted), cert. denied, 131 S.Ct. 2962 (2011). We will not reweigh the relevant § 3553(a) factors, and will not remand for resentencing unless the district court committed a clear error of judgment in weighing the § 3553(a) factors by imposing a sentence outside the range of reasonable sentences.    United States v. Langston, 590 F.3d 1226, 1237 (11th Cir. 2009).

The party challenging the sentence bears the burden to show it is unreasonable.   United States v. Tome, 611 F.3d 1371, 1378 (11th Cir.), cert. denied, 131 S.Ct. 674 (2010). While we do not automatically presume a sentence falling within the guideline range to be reasonable, we ordinarily expect that sentence to be reasonable.  Talley, 431 F.3d at 788.

In this case, Gonzalez-Mendez has not shown that the district court's sentence was substantively unreasonable.[3]  In imposing its sentence, the district explicitly considered Gonzalez-Mendez's impoverished background and his family's situation in Guatemala, but found that Gonzalez-Mendez had other opportunities to find work and that these conditions did not excuse repeated violations of the laws of the United States. The court said that it considered the § 3553(a) factors and that the need for deterrence guided its sentencing decision.  It

---

[3]     Because Gonzalez-Mendez did not challenge the procedural reasonableness of his sentence, we review only for substantive reasonableness.

4

emphasized Gonzalez-Mendez's recidivism, also noting that he previously served a 21-month sentence for the same crime.

Gonzalez-Mendez argues that the 16-level increase the district court imposed under U.S.S.G. § 2L1.2(b)(1)(A) -- for being previously removed after a conviction for a crime of violence -- led to an unreasonable sentencing range in part because his prior convictions counted both toward that increase and toward his criminal history category. However, we have found that the Sentencing Commission intended such a result. See United States v. Adeleke, 968 F.2d 1159, 1161 (11th Cir. 1992). Additionally, while Gonzalez-Mendez correctly argues that the district court could categorically disagree with the Sentencing Guidelines, nothing in the record demonstrates that the court thought otherwise. Its decision not to vary from the guideline recommended range was not an abuse of discretion. Similarly, the district court acted within its discretion when it assigned a heavier weight to the goal of deterrence than to the mitigating personal characteristics of the defendant.

We recognize that a guideline-range sentence is not per se reasonable, but the record indicates that the district court's 60-month sentence was within the "range of reasonable sentences" considering the facts of this case. Consequently, the district court did not abuse its discretion, and we affirm the district court's sentence.

**AFFIRMED.**