[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13615
Non-Argument Calendar
_____

D.C. Docket No. 6:98-cr-00091-RBD-GJK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEVONIA RIDLEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 8, 2014)

Before TJOFLAT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

On September 30, 1998, Levonia Ridley, having been found guilty by a jury of conspiracy to possess with intent to distribute crack cocaine, in violation of 21 U.S.C. § 846, was sentenced to 262-months imprisonment, at the low end of the Guidelines range, but above the 240-months statutory mandatory minimum.[1]

Ridley subsequently moved the District Court for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 706 to the Sentencing Guidelines. In considering Ridley's motion, the parties overlooked the 240-months mandatory minimum and stipulated that Ridley was eligible to have his sentence reduced to 210-months imprisonment. Pursuant to that stipulation, the District Court reduced Ridley's sentence to 210 months.

Later, Ridley moved the District Court once again to reduce his sentence pursuant to § 3582(c)(2) on the ground that he was entitled to a reduction based on Amendment 750. The court denied his motion, and he brought this appeal.

On appeal, Ridley argues that the District Court erred in denying his motion because, in the § 3582(c)(2) proceeding based on Amendment 706, the Government waived the application of the 240-months mandatory minimum; thus,

---

[1] At sentencing, Ridley was held accountable for 94.2 grams of crack cocaine, the equivalent of 1,888.53 kilograms of marijuana. The total offense level after enhancements was 36. This, coupled with a criminal history category of IV, yielded a Guidelines range of 262 to 327 months imprisonment. The statutory penalty for Ridley's offense was enhanced pursuant to 21 U.S.C. § 851 to a mandatory minimum prison term of 240 months; the maximum was life imprisonment.

2

the waiver and the law of the case doctrine now preclude the Government from asserting that the mandatory minimum bars a further reduction pursuant to Amendment 750.

"We review a district court's decision whether to reduce a sentence pursuant to § 3582(c)(2) for abuse of discretion." *United States v. White*, 305 F.3d 1264, 1267 (11th Cir. 2002). "[W]e review *de novo* the district court's legal conclusions regarding the scope of its authority under [§ 3582(c)(2)]." *Id.* We are bound by the decision of a prior panel unless the Supreme Court or this court sitting *en banc* overrules that decision. *United States v. Lawson*, 686 F.3d 1317, 1319 (11th Cir.), *cert. denied*, 133 S. Ct. 568 (2012).

A district court may modify a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a Guidelines range that has subsequently been lowered by the Sentencing Commission. § 3582(c)(2). A reduction, however, must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* The applicable policy statements, found in U.S.S.G. § 1B1.10, state that "[a] reduction in the defendant's term of imprisonment . . . is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the] amendment  . . . does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

3

In determining whether, and to what extent, it may reduce a defendant's sentence under § 3582(c)(2), "the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced."  U.S.S.G. § 1B1.10(b)(1).  A district court may not reduce a defendant's term of imprisonment under § 3582(c)(2) to a term less than the minimum of the amended guideline range as determined in § 1B1.10(b)(1) except if the term of imprisonment imposed was below the applicable Guidelines range at the time of sentencing due to the government's substantial assistance motion.  U.S.S.G. § 1B1.10(b)(2)(A)–(B).

The Fair Sentencing Act ("FSA") changed the crack-to-powder-cocaine ratio for mandatory minimum sentences from 100-to-1 to about 18-to-1.  *Dorsey v. United States*, 567 U.S. ___, 132 S. Ct. 2321, 2328–29, 183 L. Ed. 2d 250 (2012).  Before the FSA was enacted on August 3, 2010, a conviction for possession with the intent to distribute of 50 grams or more of cocaine base triggered a sentence of 240 months to life imprisonment if the defendant committed the violation after having been convicted of a felony drug offense.  21 U.S.C. § 841(b)(1)(A)(iii) (2009).  The FSA raised the quantity of crack cocaine necessary to trigger a sentence of 240 months to life imprisonment from 50 grams to 280 grams.  *See*

4

Pub. L. No. 111-220 § 2(a)(1), 124 Stat. 2372, 2372 (2010) (codified at 21 U.S.C. § 841(b)(1)(A)(iii)).  After the FSA, where a defendant has possessed with the intent to distribute 28 grams or more of crack cocaine, but less than 280 grams, and has a prior conviction for a felony drug offense, a sentence of 120 months to life imprisonment applies.  *See* 21 U.S.C. § 841(b)(1)(B)(iii).

The FSA directed the Sentencing Commission to promulgate emergency amendments to bring the Guidelines into conformity with its provisions "as soon as practicable."  § 8, 124 Stat. at 2374.  Amendment 750 to the Sentencing Guidelines amended the drug quantity table in U.S.S.G. § 2D1.1(c) to reduce offense levels in crack cocaine cases.  *See* U.S.S.G. App. C, Amend. 750 (2011).  Amendment 750 was made retroactive by Amendment 759, effective November 1, 2011.  *See id.*, Amend. 759 (2011); *see also* U.S.S.G. § 1B1.10(c).  On June 21, 2012, the Supreme Court held in *Dorsey* that the FSA's changes to the statutory mandatory minimums and maximums apply to defendants who committed crack cocaine offenses before the FSA's August 3, 2010 effective date, but were sentenced after that date.  *Dorsey*, 567 U.S. at ___, 132 S. Ct. at 2326.

In *United States v. Berry*, we addressed the applicability of Amendment 750 and the FSA in the context of a § 3582(c)(2) proceeding.  701 F.3d 374, 376–77 (11th Cir. 2012).  In resolving Berry's appeal, we rejected his argument that he was

5

eligible for a sentence reduction under the FSA. *Id.* at 377. We said that "the FSA is not a guidelines amendment by the Sentencing Commission, but rather a statutory change by Congress, and thus it does not serve as a basis for a § 3582(c)(2) sentence reduction." *Id.*

More recently, in *United States v. Hippolyte*, we reaffirmed our holding in *Berry* that the Supreme Court's decision in *Dorsey* did not suggest that the FSA should apply to defendants who were sentenced before the FSA's effective date. 712 F.3d 535, 542 (11th Cir.), *cert. denied*, 134 S. Ct. 181 (2013). Hippolyte argued "that the FSA applie[d] in § 3582(c)(2) proceedings, such that the District Court had the authority to reduce his sentences . . . below the statutory mandatory minimum." *Id.* at 537. The original Guideline range for his offenses was 168 to 210-months imprisonment, below the statutory mandatory minimum terms of 240 months; hence, the Guidelines range for the offenses was 240 months, the statutory minimum. *Id.* Amendment 750 would have lowered the Guidelines range a total of 4 levels, resulting in a range of 108 to 135 months. *Id.* at 537–38. If the FSA applied, it would have lowered Hippolyte's statutory mandatory minimum to 120 months, resulting in a new Guidelines range of 120 to 135 months. *Id.* at 538. We rejected Hippolyte's argument for § 3582(c)(2) relief; due to the effective statutory mandatory minimum, the amendment to the Guidelines did not actually lower his

6

Guidelines range because calculation of the range still took into account the statutory mandatory minimum. *Id.* at 540–41. Even assuming that Hippolyte could bring his § 3582(c)(2) motion, it failed because the FSA did not apply retroactively to his pre-FSA sentence. *Id.* at 542. Because the FSA did not apply to Hippolyte's case, the statutory minimum that applied was the one that was in place at the time he was sentenced in 1996. *Id.*

In *United States v. Liberse*, we held that the District Court had authority to reduce the defendant's sentence pursuant to § 3582(c)(2) and Amendment 750, notwithstanding the applicable 120-months mandatory minimum, because his original applicable guideline range, 121 to 151 months, exceeded the statutory minimum. 688 F.3d 1198, 1199–1200 (11th Cir. 2012) ("Although Liberse was subject to a 120-month statutory mandatory minimum, that mandatory minimum did not affect the calculation of his guidelines range because it was less than the 121-month bottom of the range." (citing U.S.S.G. § 5G1.1(b)). Liberse was originally sentenced to 121 months' imprisonment, but his sentence was later reduced below his Guidelines range to 97 months pursuant to the Government's substantial assistance motion. *Id.* at 1200. We held that Amendment 750 lowered the defendant's Guidelines range to 70 to 87 months. *Id.* Because Liberse was subject to a 120-months statutory minimum, his amended Guidelines range

7

sentence was 120-months imprisonment, which was lower than his original range. *Id.* at 1202. We vacated the District Court's decision, which had concluded that it did not have authority to reduce Liberse's sentence under § 3582(c)(2). *Id.* at 1203.

The Supreme Court has provided that "waiver" is the "intentional relinquishment or abandonment of a known right." *United States v. Olano*, 507 U.S. 725, 733, 113 S. Ct. 1770, 1777, 123 L. Ed. 2d 508 (1993) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S. Ct. 1019, 1023, 82 L. Ed. 1461 (1938)). "[A] party's failure to object to the sentencing court's findings of facts and conclusions of law waives any objection for appeal purposes." *United States v. Weir*, 51 F.3d 1031, 1032 (11th Cir. 1995). "Under the law of the case doctrine, both the district court and the court of appeals are bound by findings of fact and conclusions of law made by the court of appeals in a prior appeal of the same case." *United States v. Stinson*, 97 F.3d 466, 469 (11th Cir. 1996).

Here, the District Court did not abuse its discretion in denying Ridley's § 3582(c)(2) motion because it correctly concluded that he was ineligible for a reduction. Under Amendment 750, his Guidelines range would have been lowered from 262 to 327 months to 240-months.[2] But the court lacked the authority to

---

[2] Based on his offense conduct relating to 94.2 grams of cocaine base and 4.53 kilograms of marijuana (the equivalent of 340.91 kilograms of marijuana), Ridley's total offense level

8

further reduce his 210-months sentence below the amended Guidelines range of 240 months. *See* U.S.S.G. § 1B1.10(b)(2). The FSA's lowering of the mandatory minimum sentence does not impact Ridley's case, because he was sentenced in 1998, before the FSA was enacted, and we have held that the FSA does not apply retroactively to defendants who were sentenced before the FSA's effective date. *See Hippolyte*, 712 F.3d at 542. Moreover, the FSA does not constitute an amendment to the Guidelines by the Sentencing Commission and thus, cannot serve as a basis for a § 3582(c)(2) sentence reduction in Ridley's case. *See Berry*, 701 F.3d at 377.

Ridley's attempt to distinguish his case from *Hippolyte* fails, because the relevant point of law for the purposes of his appeal is simply that the FSA's lower mandatory minimums do not apply to defendants sentenced before the FSA's effective date. He argues that his case is distinguishable because, when he was originally sentenced, his sentence was not calculated based on the mandatory minimum because it fell below his Guideline range, as calculated under § 2D1.1.

---

would have been 26, instead of 32. *See* U.S.S.G. § 2D1.1(c)(7) & comment. (n.8(B) & (D) (indicating that 1 gram of crack cocaine is equivalent to 3,571 grams of marijuana)). After the various enhancements, his total offense level would have been 30. Accordingly, his Guidelines range, based on a total offense level of 30 and criminal history category of IV, would have been 135 to 168-months imprisonment. U.S.S.G. Sentencing Table. However, because his offense carried a statutory mandatory minimum term of 240-months imprisonment, his Guidelines range became 240 months pursuant to U.S.S.G. § 5G1.1(b).

This is factually true, but it is irrelevant to the question of whether the court had the authority to impose a sentence below the amended Guidelines range, which was determined by operation of the statutory mandatory minimum. Regardless of how his original sentence was determined, the court did not have the authority to further reduce it below 210 months because the 240-months mandatory minimum still applies. *See* U.S.S.G. § 1B1.10(b)(2). Additionally, Ridley's case is not controlled by *Liberse* because, unlike the defendant in that case, Ridley's sentence was not below his Guideline range pursuant to a substantial assistance motion. *See Liberse*, 688 F.3d at 1200.

Moreover, no binding or persuasive authority supports Ridley's argument that the Government's erroneous stipulation in his Amendment 706 proceedings that he was eligible for a sentence reduction to a sentence below the 240-months mandatory minimum meant that the mandatory minimum no longer applies to his case via the waiver or law of the case doctrine. *See Weir*, 51 F.3d at 1032; *Stinson*, 97 F.3d at 469. Accordingly, the court did not err in concluding that it lacked the authority to reduce Ridley's sentence, and it did not abuse its discretion in denying his § 3582(c)(2) motion on this basis.

AFFIRMED.

10