[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11919
Non-Argument Calendar
_____

D.C. Docket No. 2:12-cr-00032-WCO-JCF-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS REYNOSO-FLORES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(May 20, 2014)

Before HULL, MARCUS, and ANDERSON, Circuit Judges.

PER CURIAM:

Carlos Reynoso-Flores appeals his guideline-range 18-month sentence,

imposed after he pled guilty to 1 count of unlawful re-entry by a previously

removed alien, in violation of 8 U.S.C. § 1326(a) and (b)(2).  On appeal, he argues

first that his sentence was substantively unreasonable under the sentencing factors

contained in 18 U.S.C. § 3553(a) because U.S.S.G. § 2L1.2 was not supported by

empirical data, his prior convictions were counted for both his total offense level

and his criminal history category, and the facts of the case did not support an

18-month sentence.  Second, he argues that the district court erred by imposing a

three-year term of supervised release based on his prior forgery conviction because

that conviction was not alleged in the indictment or admitted at the plea hearing.

While he recognizes that this argument is contradicted by the Supreme Court's

precedent in *Almendarez-Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219,

140 L.Ed.2d 350 (1998), he argues that the Supreme Court has since distanced

itself from that decision.

## I.

We review the reasonableness of a sentence under a deferential

abuse-of-discretion standard of review.  *Gall v. United States*, 552 U.S. 38, 41, 128

S.Ct. 586, 591, 169 L.Ed.2d 445 (2007).[1]  The party challenging a sentence bears

---

[1] The government argues that, instead, we should review for plain error because Reynoso-Flores did not object to the sentence at the conclusion of the sentencing hearing. However, Reynoso-Flores sufficiently argued for a below-range sentence during the sentencing hearing to preserve the issue of reasonableness for appeal, despite his lack of a renewed objection at the close of the hearing. *United States v. Weir*, 51 F.3d 1031, 1033 (11th Cir. 1995); *see also United States v. Hoffer*, 129 F.3d 1196, 1202-03 (11th Cir. 1997) (stating that, as long as a party objects at some point in the sentencing hearing, it does not waive that objection by failing to repeat it after the sentence is imposed).

2

the burden of showing that the sentence is unreasonable.  *United States v. Pugh*, 515 F.3d 1179, 1189 (11th Cir. 2008).  In reviewing the reasonableness of a sentence, we conduct a two-step inquiry.  *Gall*, 552 U.S. at 51, 128 S.Ct. at 597.  First, we ensure that the district court's sentence was procedurally reasonable, meaning that the court properly calculated the guideline range, treated the Guidelines as advisory, considered the § 3553(a) factors, did not select a sentence based on clearly erroneous facts, and adequately explained the chosen sentence.  *Id*.  Once we determine that a sentence is procedurally sound, we examine whether the sentence was substantively reasonable in light of the totality of the circumstances and the § 3553(a) factors.  *Id.*

Substantively, the district court must impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" listed in § 3553(a)(2), which include the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant.  18 U.S.C. § 3553(a)(2)(A)-(C).  In imposing a particular sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing

3

Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims.  *See* 18 U.S.C. § 3553(a)(1), (3)-(7).

In considering the § 3553(a) factors, the sentencing court has broad discretion and may weigh one factor more heavily than others.  *United States v. Shaw*, 560 F.3d 1230, 1237 (11th Cir. 2009).  Because the guideline range is one of many factors to be considered under § 3553(a), we have declined to hold that a within-range sentence is *per se* reasonable.  *United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005).  Nevertheless, the use of the Guidelines "remains central to the sentencing process" and we have an "ordinary expectation" that a sentence within the guideline range will be reasonable.  *Id*. at 787-88.  Whether a sentence is within the guideline range or not, we reverse a sentence as unreasonable only if "left with the definite and firm conviction that the district court committed a clear error judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  *Pugh*, 515 F.3d at 1191.

While Reynoso-Flores questions both the lack of empirical data supporting § 2L1.2 and the practice of counting a prior conviction for both the total offense level and the criminal history category, we previously have held that the lack of empirical data does not compel wholesale invalidation of a guideline, and such "double-counting" under § 2L1.2 in illegal re-entry cases was intended by the

4

Sentencing Commission.  United States v. Snipes, 611 F.3d 855, 870 (11th Cir. 2010); *United States v. Adeleke*, 968 F.2d 1159, 1160–61 (11th Cir. 1992). Consequently, the district court's sentence was substantively reasonable.

## II.

We have held on numerous occasions that we remain bound by *Almendarez-Torres*, despite any doubt cast on its future vitality by more recent Supreme Court decisions, unless the Supreme Court explicitly overrules its decision in that case.  *See, e.g.*, *United States v. Gandy*, 710 F.3d 1234, 1237 n.3 (11th Cir.), *cert. denied*, (U.S. October 7, 2013) (No. 13-5520); *United States v. Camacho-Ibarquen,* 410 F.3d 1307, 1316 n.3 (11th Cir. 2005).  Consequently, for the purposes of sentencing, a district court need not establish the existence of prior convictions through admission in a guilty plea or a charge in an indictment.  *United States v. Overstreet*, 713 F.3d 627, 635 (11th Cir.), *cert. denied*, (U.S. Oct. 7, 2013) (No. 13-5096).

We remain bound by the Supreme Court's decision in *Almendarez-Torres* until that Court explicitly overrules it.   As a result, the district court did not err by imposing a term of three years' supervised release.

Upon review of the entire record on appeal, and after consideration of the parties' appellate briefs, we affirm.

**AFFIRMED.**

5