[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-12072
Non-Argument Calendar
_____

D.C. Docket No. 4:14-cr-00073-MW-CAS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WALTER ERIC HOLMES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(April 13, 2016)

Before JORDAN, JULIE CARNES and ANDERSON, Circuit Judges.

PER CURIAM:

Walter Eric Holmes appeals his 180-month total sentence, imposed after pleading guilty to three counts of distribution of crack cocaine and one count of distribution of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). Holmes was sentenced as a career offender based on two prior convictions under Fla. Stat. § 893.13. On appeal, Holmes argues that the Sentencing Commission exceeded its statutory authority in defining the term "controlled substance offense" under U.S.S.G. § 4B1.2(b)  to include Florida convictions that lack the *mens rea* element of "knowledge of the illicit nature of the substance" described in the enumerated federal offenses contained in 21 U.S.C. § 841, and thus the district court erred in sentencing him as a career offender.  Holmes further argues that this Court's decision of United States v. Smith, 775 F.3d 1262, 1267 (11th Cir. 2014), cert. denied, 135 S. Ct. 2827 (2015), holding that a conviction under Florida Statute § 893.13(1)(a) constitutes a "controlled substance offense"  under U.S.S.G. § 4B1.2(b), was wrongly decided.

## I.

We review *de novo* issues of statutory interpretation.  United States v. Castro, 455 F.3d 1249, 1251 (11th Cir. 2006).  However, where the defendant does not raise the specific argument before the district court, we review only for plain error.  United States v. Nash, 438 F.3d 1302, 1304 (11th Cir. 2006).  Reversible error under the plain error standard requires that (1) an error occurred, (2) the error

was plain, and (3) the error affected substantial rights. United States v. Zinn, 321 F.3d 1084, 1087 (11th Cir. 2003). A plain error exists where the legal error is clear and obvious rather than subject to reasonable dispute. Puckett v. United States, 556 U.S. 129, 135, 129 S. Ct. 1423, 1429, 173 L. Ed. 2d 266 (2009). The error affects substantial rights if the appellant demonstrates that it "affected the outcome of the district court proceedings." Id. Where it is clear that the district court would have imposed the same sentence regardless of the error, such error did not affect substantial rights. See United States v. Robles, 408 F.3d 1324, 1327 (11th Cir. 2005).

The duties of the Sentencing Commission are set forth in 28 U.S.C. § 994. 28 U.S.C. § 994. Section 994(a) provides, among other things, that the Commission shall promulgate and distribute guidelines for use in determining the sentence to be imposed in a criminal case, and shall put forth "general policy statements regarding application of the guidelines or any other aspect of sentencing or sentence implementation that in the view of the Commission would further the purposes set forth in section 3553(a)(2) of title 18, United States Code." 28 U.S.C. § 994(a). Section 994(h), in turn, mandates the Commission to specify sentence guidelines for career offenders, those who have felony convictions for crimes of violence or for controlled substance offenses. See 28 U.S.C. § 994(h). Section 994(h) enumerates offenses that qualify as predicate controlled substance offenses,

which it describes as "an offense described in section 401 of the Controlled Substances Act (21 U.S.C. 841), sections 1002(a), 1005, and 1009 of the Controlled Substances Import and Export Act (21 U.S.C. 952(a), 955, 959), and chapter 705 of title 46." Id.

The sentencing guidelines set forth the requirements to classify a defendant as a career offender. U.S.S.G. § 4B1.1. Relevant here is the requirement that the "defendant has at least two prior felony convictions of . . . a controlled substance offense." Id. Under the guidelines, the term "controlled substance offense" means:

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b). As we explained in Smith, "[n]o element of *mens rea* with respect to the illicit nature of the controlled substance is expressed or implied by [this] definition." Smith, 775 F.3d at 1267. Thus, convictions under Fla. Stat. § 893.13(1) constitute controlled substance offenses. Id.

We have observed that while the commentary to § 4B1.1 states that the career offender provision implements the mandate of 28 U.S.C. § 994(h), section 994(h) is not the only mandate for that provision. United States v. Weir, 51 F.3d 1031, 1032 (11th Cir. 1995) (citing commentary to U.S.S.G. § 4B1.1). Rather, "§

4

994(a), the Guidelines' enabling statute, provides independent grounds for the career offender provision." Id.  The "authority granted by § 994(a) is implicit in all the provisions of the guidelines." United States v. Smith, 54 F.3d 690, 693 (11th Cir. 1995) (holding that classifying attempts to commit narcotics crimes as "controlled substance offenses" was within the Commission's authority pursuant to § 994(a)) (emphasis omitted); see also Weir, 51 F.3d at 1032 (holding that the Commission did not overstep its statutory mandate in classifying drug conspiracies as "controlled substance offenses" despite not being enumerated offenses under § 994(h)).

In the instant case, Holmes argues on appeal that the district court erred in applying the career offender sentencing enhancement because the Sentencing Commission lacked statutory authority to classify offenses lacking the *mens rea* element of "knowledge of the illicit nature of the substance," including Holmes's prior convictions under Fla. Stat. § 893.13, as predicate "controlled substance offenses" for the purposes of the career offender sentencing enhancement. Holmes's main contention is that the Sentencing Commission derives its authority to determine which offenses qualify as "controlled substance offenses" from 28 U.S.C. § 944(h), which specifically describes offenses containing a traditional *mens rea* element of guilty knowledge. However, Holmes concedes that he did not raise his specific challenge to the Sentencing Commission's statutory authority

5

before the before the district court. Therefore, the standard of review on appeal is plain error.

In our view, the district court did not plainly err in applying the career offender enhancement in calculating Holmes's guideline range. We have twice held that the authority of the Sentencing Commission to define predicate "controlled substance offenses" does not emanate exclusively from 28 U.S.C. § 994(h). Rather, we have explained other parts of the enabling statute, including the general mandate under 28 U.S.C. § 994(a) to promulgate guidelines for use of a sentencing court in determining the sentence to be imposed in a criminal case, grant the Sentencing Commission broader authority to define predicate offenses. See United States v. Weir, 51 F.3d 1031, 1032 (11th Cir. 1995), cert denied, 516 U.S. 1120 (1996) ("[A]lthough the commentary to section 4B1.1 states that the career offender provision is implementing the mandate of 28 U.S.C. § 994(h), it does not suggest that section 994(h) is the only mandate for that provision."); United States v. Smith, 54 F.3d 690, 693 (11th Cir.), cert denied, 516 U.S. 926 (1995) (same). In light of these precedents, we cannot say that the district court plainly erred when it found that Holmes's two prior convictions under Fla. Stat. § 893.13 were predicate "controlled substance offenses" for the purposes of a career offender sentencing enhancement. Because we find that there was no error, we need not reach the question of whether any error was harmless.

6

II.

We review *de novo* the district court's interpretation and application of the sentencing guidelines.  United States v. Gibson, 434 F.3d 1234, 1243 (11th Cir. 2006).  The district court's determination that a defendant qualifies as a career offender is a question of law that is also reviewed *de novo*.  Id.

Under the prior panel precedent rule, subsequent panels are bound by the holding of a prior panel "unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc*."  United States v. Archer, 531 F.3d 1347, 1352 (11th Cir. 2008).

The district court did not err in concluding that Holmes's prior § 893.13(1) convictions qualify him as a career offender.  A prior panel has ruled that convictions under Florida Statute § 893.13(1) qualify as "controlled substance offenses" under the sentencing guidelines despite the fact that the Florida statute lacks a *mens rea* element.  See Smith, 775 F.3d at 1268.  That decision has not been overruled or undermined to the point of abrogation.  Thus, Holmes's arguments are foreclosed by the holding of Smith.  Accordingly, we affirm.

AFFIRMED.

7