[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-10415
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cr-00463-ELR-1


UNITED STATES OF AMERICA,

                                                    Plaintiff - Appellee,

versus

ANTHOWN LATARIUS SWAN,

                                                    Defendant - Appellant.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(January 11, 2017)

Before HULL, WILSON and JORDAN, Circuit Judges.

PER CURIAM:

Anthown Swan, a federal prisoner, appeals the revocation of his term of supervised release, raising two issues. Mr. Swan contends that the district court erred when it determined that he had committed a Grade A violation without explicitly finding that he had committed a controlled substance offense punishable by a term of imprisonment exceeding one year. Mr. Swan also argues that the district court erroneously failed to elicit objections from the parties after imposing the sentence, as required by *United States v. Jones*, 899 F.2d 1097 (11th Cir. 1990). Having reviewed the record and considered the parties' arguments, we now affirm.

## I

While Mr. Swan was on supervised release following a term of imprisonment for various fraud convictions, the United States Probation Office petitioned the district court for his arrest, alleging that he had violated the conditions of his supervised release, including the prohibitions against committing additional crimes and unlawfully possessing or using a controlled substance. The petition specifically accused Mr. Swan of committing the Georgia state offenses of (1) possession of marijuana over one ounce; (2) possession of marijuana with intent to distribute; and (3) possession of drug-related objects.

The district court held a revocation hearing. Several witnesses testified, including the arresting officer, Hannah James. Officer James explained how she

2

pulled over Mr. Swan and smelled marijuana as she approached his vehicle. Upon her request, Mr. Swan stepped out of the vehicle and told Officer James that all he had was a small amount of marijuana in a compartment beside the steering wheel. The search of the compartment revealed a small bag containing a couple grams of marijuana and a stack of cash. The stack of cash alerted Officer James to the possibility of more marijuana, so she decided to search the rest of the vehicle.

Officer James found a scale, a book bag containing empty sandwich bags, and a mason jar containing 30 clear baggies of varied amounts of marijuana. She also found hundreds of empty baggies. In Officer James' experience, baggies and scales are tools used by drug sellers. According to Officer James, she asked Mr. Swan if the book bag belonged to him and he responded that it did. Officer James then spoke to the female passenger in the vehicle, who said that Mr. Swan had asked her to claim the marijuana as her own. After completing her search, Officer James arrested Mr. Swan for possessing marijuana with the intent to distribute.

Relying on Officer James' testimony, the district court found that the government had proven by a preponderance of the evidence that Mr. Swan had violated the conditions of his supervised release. It then held that Mr. Swan had committed a Grade A violation and determined that his advisory Sentencing Guidelines range was 30 to 36 months' imprisonment.

The district court asked if anyone had any objections to its guidelines calculations. Defense counsel objected, among other things, to the Grade A classification, arguing that the violation should be classified as a Grade C violation because Mr. Swan was only in possession of a misdemeanor amount of marijuana. The district court reiterated its belief that the violation was a Grade A violation and, addressing Mr. Swan, stated that it was "not sure what the need was to, to get further income in addition to what it seems like you were already doing . . . in terms of working and furthering your education." Tr. of Revocation Hearing, D.E. 31 at 53 (Jan. 27, 2016). Having determined that Mr. Swan violated the conditions of his supervised release, the district court sentenced him to 30 months' imprisonment with no additional supervised release to follow.

The district court then asked Mr. Swan if he understood his sentence, to which he replied he did. After informing him of his appellate rights, the district court asked "[a]nything else from you, [defense counsel]?" *Id.* at 54. Defense counsel requested a self-surrender date and that Mr. Swan be placed in a facility close to Georgia. The district court addressed these requests, asked the government if it had anything else to say, and then, again, asked "anything else, [defense counsel]?" *Id*. at 55–56. Defense counsel responded, "nothing further," and the hearing concluded. *Id.* at 56.

4

## II

We generally review the revocation of supervised release for abuse of discretion. *See United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014). But we will not disturb a district court's findings of fact unless they are clearly erroneous. *See United States v. Almand*, 992 F.2d 316, 318 (11th Cir. 1993). "[W]e may affirm for any reason supported by the record, even if not relied upon by the district court." *United States v. Chitwood*, 676 F.3d 971, 975 (11th Cir. 2012) (quoting *United States v. Al-Arian*, 514 F.3d 1184, 1189 (11th Cir. 2008)).

## III

According to Mr. Swan, the district court reversibly erred when it concluded that he had committed a Grade A violation without explicitly finding that the government had proven by a preponderance of the evidence that he had committed a controlled substance offense punishable by more than a year of imprisonment. The government responds that although the district court did not specify which of the offenses Mr. Swan was being charged with constituted a Grade A violation, the preponderance of the evidence demonstrated that Mr. Swan possessed a felony amount of marijuana and that he possessed the drugs with the intent to distribute, both of which constitute Grade A violations. The question is whether a preponderance of the evidence in the record supports the finding that Mr. Swan committed a Grade A violation of supervised release. *See* 18 U.S.C. § 3583(e)(3).

5

The Sentencing Guidelines contain three categories of violations of probation and supervised release: A, B and C.  *See* U.S.S.G. § 7B1.1.  Grade A violations include felony criminal conduct constituting a crime of violence, a controlled substance offense, or certain firearm offenses, and any other offense punishable by more than 20 years' imprisonment.  *See* § 7B1.1(a)(1).  The district court must revoke the defendant's supervised release upon finding a Grade A or B violation.  *See* § 7B1.3(a)(1).

The term "controlled substance offense," for purposes of § 7B1.1, means "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits . . . the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense."  § 4B1.2(b) (emphasis added).  *See also*  7B1.1 cmt. n.3 (indicating that "controlled substance offense" is defined in § 4B1.2).  Under Georgia law, "any person" found "to possess, have under his or her control, manufacture, deliver, distribute, dispense, administer, purchase, sell, or possess with intent to distribute marijuana" commits a felony that must be "punished by imprisonment for not less than one year."  Ga. Code § 16-13-30(j)(1) & (2).

Though the district court did not specify the basis for its Grade A determination, the colloquy with Mr. Swan reveals that the district court believed Mr. Swan had intended to distribute the marijuana he was found possessing.  When

6

discussing his work history, the district court told Mr. Swan that it "was not sure what the need was to, to get further income"—presumably, through the sale of marijuana—"in addition to what it seems like [he was] already doing . . . in terms of working and furthering [his] education."  D.E. 31 at 53.  But regardless of whether that was what the district court meant, the preponderance of the evidence supports the finding that Mr. Swan committed a Grade A violation by being in possession of marijuana with the intent to distribute.

In Officer James' experienced opinion, the items recovered during the search were consistent with drug distribution and not merely possession.  According to her testimony, a large stack of cash suggests—as it turns out, correctly in this case—the presence of more marijuana, *see id.* at 13; the scale is a tool often associated with drug distribution, *see id.* at 14; small, clear, plastic baggies are the standard vehicle of marijuana retail, *see id.* at 15; and the presence of hundreds of those baggies, and dozens missing, further indicates drug distribution, *see id.*

"Intent to distribute can be proven circumstantially from, among other things, the quantity of [drugs] and the existence of implements such as scales commonly used in connection with the distribution of [drugs]." *United States v. Poole*, 878 F.2d 1389, 1392 (11th Cir. 1989).  We have repeatedly held, consistent with Officer James' testimony, that the items found on Mr. Swan circumstantially support a finding of possession with intent to distribute. *Cf., e.g.*, *United States v.*

7

*Mercer*, 541 F.3d 1070, 1076 (11th Cir. 2008) (holding evidence of plastic jeweler bags together with drug ledger, amount of drugs, and lack of paraphernalia to consume drugs was sufficient to support jury's finding of intent to distribute, and absence of money and digital scales was "not outcome determinative" in light of other evidence).

Accordingly, we hold that the district court did not err when it determined that Mr. Swan committed a Grade A violation of the conditions of his supervised release. The preponderance of the evidence demonstrates that he possessed marijuana with the intent to distribute.

## IV

Mr. Swan also contends that the district court erred when it failed to elicit objections from the parties at the conclusion of the revocation hearing as required by *Jones*. In response, the government argues that the district court did comply with *Jones* by affording Mr. Swan two opportunities to object, and that, even if we find objections were not properly solicited, any technical *Jones* violation does not necessitate remand because we have enough in the record for meaningful appellate review. More specifically, the government maintains that, since the purpose of *Jones* is to give the parties an opportunity to argue sentencing objections before the district court, remand is unnecessary because Mr. Swan already raised his sole objection on appeal to the district court.

8

We held in *Jones* that district courts must afford parties the opportunity "to object to the . . . ultimate findings of fact and conclusions of law and to the manner in which the sentence is pronounced." 899 F.2d at 1102. "Where the district court has not elicited fully articulated objections following the imposition of sentence, [we] vacate the sentence and remand for further sentencing in order to give the parties an opportunity to raise and explain their objections." *Id.* at 1103. But because the purpose of the rule is to promote administrative efficiency by "allow[ing] the district court the first opportunity to correct any error and to provide for a complete record on appeal," *United States v. Costales*, 5 F.3d 480, 483 n.3 (11th Cir. 1993), we have also held that remand is unnecessary where the record on appeal sufficiently enables meaningful review. *See United States v. Cruz*, 946 F.2d 122, 124 n.1 (11th Cir. 1991).

We need not decide whether the district court failed to properly elicit objections after the imposition of sentence in violation of *Jones* because the parties sufficiently developed the only issue on appeal—whether there was sufficient evidence that Mr. Swan committed a Grade A violation—to enable meaningful review. Mr. Swan first raised this argument on his own following Officer James' testimony, *see* D.E. 31 at 40, and the government fully articulated a response, *see id.* at 41. Mr. Swan then raised it *again* when the district court specifically asked for objections after it calculated the advisory guidelines range. *See id.* at 51.

9

Nothing new arose between his initial objection and the imposition of the sentence. Any technical violation of *Jones* therefore does not warrant remand because Mr. Swan fully articulated his argument to the district court and the record is sufficient for meaningful appellate review. *See United States v. Weir*, 51 F.3d 1031, 1033 (11th Cir. 1995).

## V

For these reasons, we affirm the revocation of Mr. Swan's supervised release and the imposition of a sentence of incarceration.

**AFFIRMED.**