United States Court of Appeals,

Eleventh Circuit.

No. 93-9225.

UNITED STATES of America, Plaintiff-Appellee,

v.

Fernando SMITH, Defendant-Appellant.

June 9, 1995.

Appeal from the United States District Court for the Northern District of Georgia. (No. 1:93-CR-138-2), Jack T. Camp, Judge.

Before HATCHETT, Circuit Judge, HENDERSON, Senior Circuit Judge, and YOUNG[*], Senior District Judge.

HATCHETT, Circuit Judge:

Appellant, Fernando Smith, appeals his bank robbery conviction and sentence, asserting that (1) the district court improperly gave the jury an instruction pursuant to *Allen v. United States,* 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896); (2) the government presented insufficient evidence to sustain his conviction; (3) the district court erred in enhancing his sentence for possessing a firearm during the commission of the crime; and (4) the district court erroneously sentenced him as a career offender. Smith's first three grounds for appeal lack merit and do not warrant further consideration. We reject Smith's fourth contention that the Sentencing Commission lacks statutory authority to include attempts to commit narcotics crimes as controlled substances offenses for purposes of determining career offender status.

BACKGROUND

[*]Honorable George C. Young, Senior U.S. District Judge for the Middle District of Florida, sitting by designation.

On July 22, 1993, a jury in the Northern District of Georgia found Smith guilty of robbing a bank in violation of 18 U.S.C. § 2113(a). Due to Smith's prior state court convictions in Michigan for armed robbery and attempted possession with intent to deliver cocaine, the district court sentenced him as a career offender, pursuant to United States Sentencing Guidelines (U.S.S.G.) section 4B1.1. On September 28, 1993, the district court imposed a sentence of 210 months of imprisonment and 3 years of supervised release.

## CONTENTIONS

Smith contends that he does not have a criminal history sufficient to warrant sentencing as a career offender because his prior state conviction for attempted possession with intent to deliver cocaine does not, under Congress's mandate to the Sentencing Commission, constitute a "controlled substance offense" under U.S.S.G. § 4B1.1. Therefore, he argues that the Commission exceeded its authority in counting attempts to commit narcotics crimes as qualifying offenses for purposes of calculating career offender status. Accordingly, he asserts that the district court erred in sentencing him as a career offender.

The government responds that the Commission possesses statutory authority to count attempts to commit drug crimes as predicate offenses for determining career offender status; thus, the district court did not err in its sentencing.

## DISCUSSION

This court applies the *de novo* standard of review when interpreting questions of law arising under the Sentencing

Guidelines. *United States v. Rojas,* 47 F.3d 1078, 1080 (11th Cir.1995).

Section 4B1.1 of the Sentencing Guidelines classifies a defendant as a career offender if:

> (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1. Smith concedes that the first and second criteria apply to him. The question before us, therefore, focuses on the third requirement: specifically, whether Smith's prior conviction for attempted possession with intent to distribute cocaine properly constitutes a "controlled substance offense" under section 4B1.1.

Section 4B1.2(2) of the guidelines defines the term "controlled substance offense" to mean "an offense under a federal or state law prohibiting the manufacture, import, export, distribution, or dispensing of a controlled substance ... or the possession of a controlled substance ... with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(2). Application Note 1 to the commentary to section 4B1.2 states that a "controlled substance offense" includes "the offenses of aiding and abetting, conspiring, and attempting to commit such offenses." U.S.S.G. § 4B1.2, comment. (n. 1). We have held previously that, when assessing whether to count a prior state conviction for career offender sentencing purposes, "a court should look at the elements of the convicted offense...." *United States v. Lipsey,* 40 F.3d 1200, 1201 (11th Cir.1994). Looking at the

elements of attempted possession with intent to deliver cocaine, we conclude that the conviction at issue is a "controlled substance offense" under sections 4B1.1 and 4B1.2(2). In short, the district court had ample authority to sentence Smith as a career offender.

Smith contends, nonetheless, that the Sentencing Commission exceeded its statutory authority in including attempts to commit narcotics offenses within the purview of section 4B1.1. Smith first points to the Background Commentary to section 4B1.1, which states, in pertinent part: "28 U.S.C. § 994(h) mandates that the Commission assure that certain "career' offenders, as defined in the statute, receive a sentence of imprisonment "at or near the maximum term authorized.' Section 4B1.1 implements this mandate." U.S.S.G. § 4B1.1, comment. (backg'd). Based on this commentary, Smith argues that only those offenses enumerated in section 994(h) can serve as predicate controlled substance offenses for section 4B1.1 sentencing purposes.

Section 994(h) provides:

> (h) The Commission shall assure that the guidelines specify a sentence to a term of imprisonment at or near the maximum term authorized for categories of defendants in which the defendant is eighteen years old or older and—

> > (1) has been convicted of a felony that is—

> > (A) a crime of violence; or

> > (B) an offense described in section 401 of the Controlled Substances Act (21 U.S.C. 841), sections 1002(a), 1005, and 1009 of the Controlled Substances Import and Export Act (21 U.S.C. 952(a), 955, and 959) and section 1 of the Act of September 15, 1980 (21 U.S.C. 955a); and

> > (2) has previously been convicted of two or more prior felonies, each of which is—

> > (A) a crime of violence; or

> (B) an offense described in section 401 of the Controlled Substances Act (21 U.S.C. 841), sections 1002(a), 1005, and 1009 of the Controlled Substances Import and Export Act (21 U.S.C. 952(a), 955, and 959) and section 1 of the Act of September 15, 1980 (21 U.S.C. 955a).

28 U.S.C. § 994(h).  Smith argues that because the offense of attempting to commit a narcotics crime is not "described in" any of the statutes enumerated in section 994(h)(2)(B), the Commission cannot lawfully include attempts as predicate offenses for purposes of determining career offender status.[1]

Smith's position has some support.  The Fifth and District of Columbia Circuits have held that the Commission exceeded its authority in including conspiracy to commit a drug offense within the ambit of section 4B1.1.  *See United States v. Bellazerius,* 24 F.3d 698, 700-02 (5th Cir.), *cert. denied,* --- U.S. ----, 115 S.Ct. 375, 130 L.Ed.2d 326 (1994);  *United States v. Price,* 990 F.2d 1367, 1368-70 (D.C.Cir.1993).  In so doing, those courts held that section 994(h) serves as the sole statutory basis for the career offender provision.  *See Bellazerius,* 24 F.3d at 702 ("By identifying section 994(h) as its source of authority, the Sentencing Commission impliedly disclaimed reliance on other sources of authority.");  *Price,* 990 F.2d at 1369 ("We must conclude that the Commission fashioned Ch. 4, part B solely as an implementation of § 994(h).").

Recently, however, this court, in holding that a conviction

---

[1]Title 21 U.S.C. § 846 governs attempt and conspiracy to commit a drug offense.  The statute reads:  "Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or the conspiracy."  21 U.S.C. § 846.

for conspiracy to commit a narcotics crime is a "controlled substance offense" under section 4B1.1, has declined to follow the reasoning of *Bellazerius* and *Price*. *United States v. Weir,* 51 F.3d 1031, 1032 (11th Cir.1995). The court in *Weir* held that "although the commentary to section 4B1.1 states that the career offender provision is implementing the mandate of 28 U.S.C. § 994(h), it does not suggest that section 994(h) is the only mandate for that provision. *28 U.S.C. § 994(a), the Guidelines' enabling statute, provides independent grounds for the career offender provision....*" *Weir,* 51 F.3d at 1031-32 (emphasis added). Indeed, the Commission states that "[t]he guidelines and policy statements" it promulgates "are issued pursuant to Section 994(a) of Title 28, United States Code." U.S.S.G., Ch. 1, Part A, section 1. Section 994(a)(2) provides that the Commission shall promulgate "general policy statements regarding application of the guidelines or any other aspect of sentencing or sentence implementation that in the view of the Commission would further the purposes set forth in section 3553(a)(2) of title 18, United States Code...." [2] 28 U.S.C. § 994(a)(2). In sum, "[t]he authority granted by § 994(a) is implicit in *all* the provisions of the guidelines." *United States v. Damerville,* 27 F.3d 254, 257 (7th Cir.), *cert. denied,* --- U.S. ----, 115 S.Ct. 445, 130 L.Ed.2d 355 (1994) (emphasis in original). Therefore, we hold that the Commission, in construing attempts to

---

[2] Section 3553(a)(2) states that sentences should reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed correctional treatment. 18 U.S.C. § 3553(a)(2).

commit narcotics crimes as controlled substance offenses for purposes of determining career offender status, acted within its authority pursuant to section 994(a).

Finally, we apply *United States v. Stinson,* --- U.S. ----, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993), where the Supreme Court decided "that commentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." *Stinson,* --- U.S. at ----, 113 S.Ct. at 1915. Application Note 1 to the commentary to section 4B1.2 explains that the term "controlled substance offense" located in guideline section 4B1.1 includes the offense of "attempting to commit" a narcotics crime. U.S.S.G. § 4B1.2, comment. (n. 1). This commentary does not run afoul of the Constitution, or, as discussed above, a federal statute; nor is it inconsistent with, or a plainly erroneous reading of, sections 4B1.1 or 4B1.2. As a result, the commentary constitutes "a binding interpretation" of the term "controlled substance offense." *Stinson,* --- U.S. at ----, 113 S.Ct. at 1920. Accordingly, the district court properly followed the commentary in sentencing Smith as a career offender.

## CONCLUSION

We reject Smith's challenges to his conviction and sentence, and thus affirm the judgment of the district court.

AFFIRMED.