[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-10755
Non-Argument Calendar
_____

D.C. Docket No. 4:15-cr-00039-MW-CAS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN ALBERT PEARSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(November 22, 2016)

Before TJOFLAT, JILL PRYOR and FAY, Circuit Judges.

PER CURIAM:

John Albert Pearson appeals his 240-month sentence following his guilty plea to possession of cocaine and cocaine base with intent to distribute, being a felon in possession of a firearm, and possession of a firearm in furtherance of a drug-trafficking crime.  We affirm.

## I. BACKGROUND

Information from a Leon County Sheriff's Office cooperating source ("CS") implicated Pearson in trafficking of powder and crack cocaine.  In June and July of 2015, the CS made five controlled purchases of crack cocaine from Pearson.  Surveillance conducted contemporaneous to the controlled purchases identified locations believed to be houses used by Pearson to store controlled substances or drug proceeds.

Federal search warrants were obtained for two locations in Tallahassee; on September 3, 2015, investigators executed the warrants.  Pearson was observed outside the master bedroom and was taken into custody.  Investigators located approximately 15.8 grams of powder cocaine hidden inside a shoe on the top shelf of the master bedroom closet and approximately 13 grams of crack cocaine inside a shoebox.  Adjacent to the cocaine, they found a 9-mm handgun with a loaded magazine.  The investigators also discovered stacks of thousands of dollars in a three-drawer cabinet next to the bed.  Cookware used to convert powder into crack cocaine, digital scales, a small quantity of marijuana, and other drug paraphernalia

2

also were found.  Following his arrest, Pearson admitted the cocaine and cookware were his but disavowed knowledge or possession of the firearm.

A grand jury charged Pearson with one count of possession with intent to distribute cocaine and cocaine base, in violation 21 U.S.C. § 841(a)(1), (b)(1)(C) (Count 1), one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(e) (Count 2), and one count of possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 3).  Pursuant to a plea agreement, Pearson pled guilty to all three charges.

In preparing the presentence investigation report ("PSI"), the probation officer initially calculated a base-offense level of 24 for Counts 1 and 2, pursuant to U.S.S.G. § 2K2.1(a)(2), because Pearson committed the crime with at least two prior felony convictions involving violence or a controlled substance.  The probation officer noted Pearson's 2002, 2003, and 2010 Florida convictions for possession of cocaine with intent to sell or deliver, and his 2013 Louisiana conviction for possession with intent to distribute cocaine.  Based on those four prior convictions, the probation officer concluded Pearson was an armed-career criminal under 18 U.S.C. § 924(e).  Under U.S.S.G. § 4B1.4, Pearson's offense level was raised to 34.  The probation officer also determined Pearson was a career offender under § 4B1.1 of the Sentencing Guidelines, which would have resulted in an offense level of 32 but noted that level was not used, because the offense

3

level under § 4B1.4 for armed-career criminal was higher.  After a three-level reduction for acceptance of responsibility, Pearson's offense level was 31.

Based on his criminal history, Pearson had a criminal-history category of VI. With an offense level of 31 and criminal-history category of VI, Pearson's Sentencing Guidelines range for Counts 1 and 2 was 188 to 235 months of imprisonment.  Count 3 required a mandatory, consecutive sentence of 60 months of imprisonment.  Pearson's Sentencing Guidelines range for all three Counts was 248 to 295 months of imprisonment.  Under U.S.S.G. § 4B1.1(c)(3), the probation officer determined Pearson's Sentencing Guidelines range became 262 to 327 months of imprisonment.

Pearson objected to his classification as a career offender and armed-career criminal, based on his prior drug convictions under Florida Statutes § 893.13, as modified by Florida Statutes § 893.101.  He contended the definitions of "serious drug offense" in the Armed Career Criminals Act ("ACCA") and "controlled substance offense" in § 4B1.2(b) were never intended to include state-drug crimes, such as those defined in § 893.13 lacking a mens rea element regarding the illicit nature of the substance.  Pearson acknowledged we rejected this argument in *United States v. Travis Smith ("Travis Smith")*, 775 F.3d 1262 (11th Cir. 2014), but asserted that case was decided wrongly.  Given our holding in *Travis Smith*, he alternatively argued, the Sentencing Commission intended such Florida

4

convictions to qualify as predicates, and the Commission had exceeded its statutory authority in defining the term "controlled substance offense" to include state crimes that lack a mens rea element, because the analogous federal crimes contain a mens rea element.

At sentencing, Pearson reiterated those arguments but acknowledged they were foreclosed by *Travis Smith*. The district judge overruled Pearson's objection, concluded he qualified for the ACCA enhancement, and adopted the PSI Guidelines calculations. The district judge imposed a sentence of 240 months of imprisonment, comprised of the mandatory-minimum term of 180 months under the ACCA for Count 2, with a concurrent term of 180 months for Count 1, and the mandatory-minimum term of 60 months under 18 U.S.C. § 924(c) for Count 3, to be served consecutively to the sentences for Counts 1 and 2.

On appeal, Pearson argues the district judge erred in concluding his convictions under Florida Statutes § 893.13 were ACCA and career-offender-predicate crimes. He acknowledges our holding to the contrary in *Travis Smith*, but maintains *Travis Smith* was decided wrongly. Pearson also argues the Sentencing Commission exceeded its authority by defining the term "controlled substance offense" to include crimes lacking a mens rea element, such as those under § 893.13. He asserts the Commission's authority to establish guidelines for career criminals derives from 28 U.S.C. § 994(h), which provides controlled-

5

substance crimes are those "described in" 21 U.S.C. § 841.  He contends the Commission has authority under § 994(h) to include state-law crimes as controlled-substance crimes under the Sentencing Guidelines, only if they include a mens rea element.

## II. DISCUSSION

We review de novo questions of statutory interpretation.  *United States v. Castro*, 455 F.3d 1249, 1251 (11th Cir. 2006).  Whether a prior conviction qualifies as a "serious drug offense" under the ACCA or a "controlled substance offense" under the career-offender guideline also is reviewed de novo.  *See United States v. Whitson*, 597 F.3d 1218, 1220 (11th Cir. 2010) (career offender); *United States v. Robinson*, 583 F.3d 1292, 1294 (11th Cir. 2009) (ACCA).  We will not reverse harmless errors.  *United States v. Paz*, 405 F.3d 946, 948 (11th Cir. 2005); *see also* Fed. R. Crim. P. 52(a).  An error is harmless, if it does not affect the defendant's substantial rights.  *See Paz*, 405 F.3d at 948; Fed. R. Crim. P. 52(a). The government bears the burden of showing any error was harmless.  *Paz*, 405 F.3d at 948.

A defendant is an armed-career criminal under 18 U.S.C. § 924(e), if he has three prior convictions for a violent felony or "serious drug offense."  18 U.S.C. § 924(e)(1).  The term "serious drug offense" is defined as "an offense under State law, involving manufacturing, distributing, or possessing with intent to

6

manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. [§] 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law." *Id.* § 924(e)(2)(A)(ii).

A defendant is classified as a career offender under the Sentencing Guidelines if (1) he was at least 18 years old at the time of the crime of conviction; (2) which was either a crime of violence or involved a controlled substance; and (3) he had at least two prior felony convictions of either a crime of violence or a controlled-substance crime. U.S.S.G. § 4B1.1(a). The Guidelines define "controlled substance offense" as any crime under federal or state law, punishable by imprisonment for more than one year, "that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b).

Under Florida law, "a person may not sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance." Fla. Stat. § 893.13(1)(a). If the controlled substance involved in the crime is cocaine, it is a second-degree felony, punishable by up to 15 years of imprisonment. *See* Fla. Stat. §§ 893.13(1)(a), 893.03(2)(a), 775.082(3)(d). "[K]knowledge of the illicit

7

nature of a controlled substance is not an element of any offense under [§ 893.13]." Fla. Stat. § 893.101(2).

In *Travis Smith*, we held crimes under Florida Statute § 893.13(1) qualify as "serious drug offenses" within the meaning of the ACCA. *Travis Smith*, 775 F.3d at 1266-68. Even though the Florida statute lacks a mens rea element concerning knowledge of the illicit nature of the substance, we recognized the plain language of 18 U.S.C. § 924(e)(2)(A)(ii) did not expressly or impliedly require a mens rea element. *Id.* We also held a prior conviction under § 893.13(1) qualifies as a "controlled substance offense" for purposes of the career-offender guideline, because the plain language of § 4B1.2(b) of the career-offender guideline was unambiguous, and "[n]o element of mens rea with respect to the illicit nature of the controlled substance is expressed or implied" in the Guidelines definition of "controlled substance offense." *Id.* at 1267.

Our decision in *Travis Smith* forecloses Pearson's argument his prior convictions under § 893.13 do not qualify as ACCA or career-offender predicate crimes. *See id.* at 1266-68. Pearson's contention we should not apply *Travis Smith* in his case, because it was decided wrongly, is unavailing. The holding in *Travis Smith* remains binding unless and until it is overruled or abrogated by this court sitting en banc or by the Supreme Court. *See United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008) (recognizing a prior panel decision is binding on all

8

subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting en banc). Accordingly, the district judge did not err in concluding Pearson's Florida convictions were ACCA and career-offender-predicate crimes.

Pearson also argues the Sentencing Commission exceeded its authority in defining the term "controlled substance offense" in the Sentencing Guidelines. The duties of the Sentencing Commission are set forth in 28 U.S.C. § 994. Section 994(a) grants the Commission the authority to promulgate Sentencing Guidelines for use in determining criminal sentences, as well as general policy statements regarding the application of those Guidelines. 28 U.S.C. § 994(a). Section 994(h) mandates the Commission "shall assure" defendants classified as career offenders receive a sentence of imprisonment "at or near the maximum term authorized," for certain predicate crimes. *See id.* § 994(h). A predicate-controlled-substance crime is "an offense described in section 401 of the Controlled Substances Act (21 U.S.C. [§] 841), sections 1002(a), 1005, and 1009 of the Controlled Substances Import and Export Act (21 U.S.C. [§§] 952(a), 955, and 959), and chapter 705 of title 46." *Id.* § 994(h)(2)(B).

The career-offender provision of the Sentencing Guidelines implements the mandate of § 994(h). *United States v. Weir*, 51 F.3d 1031, 1032 (11th Cir. 1995) (citing the commentary to U.S.S.G. § 4B1.1). Section 994(h), however, is not the

9

sole statutory mandate for the career-offender provision. *Id.* ("[T]he specific offenses listed in section 994(h) are not necessarily exhaustive."). Section 994(a) provides independent grounds for the career-offender provision. *Id.* The "authority granted by § 994(a) is implicit in *all* the provisions of the guidelines." *United States v. Fernando Smith ("Fernando Smith")*, 54 F.3d 690, 693 (11th Cir. 1995) (holding the Commission was within its authority under § 994(a) to construe attempts to commit narcotics crimes as "controlled substance offenses" for purposes of § 4B1.1) (citation and internal quotation marks omitted). The Commission does not overstep its statutory mandate by defining the term "controlled substances offense" to include crimes that are not enumerated in § 994(h). *See Weir*, 51 F.3d at 1032 (holding the Commission was within its authority to classify drug conspiracies as "controlled substance offenses," even though they were not enumerated in § 994(h)).

The Sentencing Commission did not exceed its statutory authority by defining the term "controlled substance offense" in § 4B1.2(b) to include crimes that lack a mens rea element concerning the illicit nature of the substance, because § 994(a) provides an independent basis for the career-offender guidelines. *See Fernando Smith*, 54 F.3d at 693; *Weir*, 51 F.3d at 1032. Even if § 994(h) does not authorize the inclusion of state-law crimes such as those in § 893.13 as career-offender predicates, the Commission has the authority to include those crimes

10

under § 994(a).  *See Fernando Smith*, 54 F.3d at 693; *Weir*, 51 F.3d at 1032.

Consequently, the district judge did not err in applying the career-offender

guideline when calculating Pearson's Sentencing Guidelines imprisonment range.

Furthermore, Pearson's 240-month imprisonment sentence was based on the

180-month, mandatory-minimum sentence for Count 2 under the ACCA and the

60-month consecutive, mandatory-minimum sentence for Count 3 under 18 U.S.C.

§ 924(c).  Any error the district judge made in concluding the Sentencing

Commission acted within its statutory authority in defining "controlled substance

offense" to include crimes such as those under § 893.13 was harmless, because its

correction would not alter Pearson's sentence.  *See Paz*, 405 F.3d at 948;

Fed. R. Crim. P. 52(a).  Even if Pearson's concurrent 180-month, career-offender

sentence for Count 1 was invalidated, his 240-month sentence would remain intact,

based on the valid statutory sentences imposed on Counts 2 and 3.

**AFFIRMED.**

11