[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-13611
Non-Argument Calendar

_____

D.C. Docket No. 3:17-cr-00015-CAR-CHW-1


UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

versus

BRYAN SHAMAR LITTLE,

                                        Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(June 17, 2019)

Before WILSON, MARTIN, and NEWSOM, Circuit Judges.

PER CURIAM:

Bryan Little pleaded guilty to possession of a firearm by a convicted felon under 18 U.S.C. §§ 922(g)(1) and 924(e).  The district court sentenced him to 180-months' imprisonment.  The sentence included an enhancement for Little's prior Georgia convictions for possession of cocaine with intent to distribute.  Little now appeals, arguing that his prior convictions do not qualify as controlled substances offenses under the Armed Career Criminal Act (ACCA) or the United States Sentencing Guidelines.  We disagree and affirm.

We review de novo a question of law under the Sentencing Guidelines. *United States v. Smith*, 54 F.3d 690, 691 (11th Cir. 1995).  We also review de novo whether a prior conviction qualifies as a controlled substance offense under the Guidelines.  *United States v. Lange*, 862 F.3d 1290, 1293 (11th Cir. 2017).

A defendant is a career offender under the Guidelines if he has at least two prior felony convictions for either a crime of violence or a controlled substance offense.  U.S.S.G. § 4B1.1(a).  The Guidelines define a controlled substance offense as:

> [A]n offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b).  To determine whether the predicate offense "prohibits" the listed activities, we apply the categorical approach and compare "the definition in

2

the Guidelines with the statutory offense, not the conduct underlying the conviction." *Lange*, 862 F.3d at 1293 (quotations omitted). When the Guidelines provide a definition for predicate offenses, we compare "the elements of the *crime of conviction* to the generic form of the offense as defined by the States." *United States v. Lockley,* 632 F.3d 1238, 1242 (11th Cir. 2011) (emphasis added).

Little first argues that his prior convictions cannot qualify as controlled substance offenses because they might rest on the theory that he was a "party to the crime" under O.C.G.A. § 16-2-20. But he was not charged, let alone convicted, under O.C.G.A. § 16-2-20. Little's prior convictions were for possession of cocaine with intent to distribute under O.C.G.A. § 16-13-30(b), which makes it unlawful to "manufacture, distribute, dispense, administer, sell, or possess with intent to distribute any controlled substance." Because Georgia's party to a crime statute was not Little's "crime of conviction," we decline to look beyond O.C.G.A. § 16-13-30(b)—the statute under which Little was convicted.

Little next argues that inchoate crimes like Georgia's party to a crime offense do not qualify as controlled substance offenses. Little contends that Application Note 1 to U.S.S.G. § 4B1.2(b), which includes aiding and abetting in the definition of controlled substance offenses, is inconsistent with the Guidelines. But we rejected this exact argument in *United States v. Smith*, 54 F.3d 690, 693 (11th Cir. 1995). In *Smith*, we held that Guidelines commentary is "authoritative

3

unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." 54 F.3d at 693. We concluded Application Note 1 of § 4B1.2 "does not run afoul of the Constitution . . . nor is it inconsistent with, or a plainly erroneous reading of, sections 4B1.1 or 4B1.2." *Id*. Application Note 1 thus "constitutes a binding interpretation." *Id*. (quotations omitted). *Smith* forecloses Little's argument to the contrary. *See United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008) (explaining under the prior precedent rule, we are bound by "a prior binding precedent unless and until it is overruled by this Court en banc or by the Supreme Court" (quotation mark omitted)).

Because Little makes no argument that O.C.G.A. § 16-13-30(b) does not otherwise qualify as a controlled substance offense, the district court did not err in using Little's prior convictions to enhance his sentence. Accordingly, we affirm.

**AFFIRMED.**