[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-15148
Non-Argument Calendar

_____

D.C. Docket No. 4:18-cr-00052-MW-CAS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PATRICK LEMUEL BASS,
a.k.a. Lem,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(October 15, 2020)

Before JILL PRYOR, LAGOA and ANDERSON, Circuit Judges.

PER CURIAM:

Defendant Patrick Bass appeals his 96-month sentence following his guilty plea for conspiring to possess with intent to distribute methamphetamine. The district court sentenced Bass pursuant to the career offender enhancement in the Sentencing Guidelines. *See* U.S.S.G. § 4B1.1. On appeal, Bass argues that the district court erred in sentencing him as a career offender because he did not have two qualifying predicate convictions. We affirm.

I.

Bass pled guilty to one count of conspiracy to possess with intent to distribute methamphetamine. Before his sentencing, a probation officer prepared a presentence investigation report ("PSI"). The PSI applied the career offender enhancement under the Sentencing Guidelines. *See* U.S.S.G. § 4B1.1(a). The PSI explained that Bass qualified as a career offender because he had at least two prior felony convictions for offenses that were either controlled substance offenses or crimes of violence. The PSI identified three convictions that qualified as predicate offenses: (1) a 2001 Alabama conviction for distribution of controlled substances, (2) a 2005 Georgia conviction for attempt to manufacture methamphetamine, and (3) a 2007 Georgia conviction for aggravated assault. After applying the career offender enhancement, the PSI calculated Bass's total offense level as 34 and his

2

criminal history category as VI, which yielded a guidelines range of 262 to 327 months' imprisonment.

Bass objected to the career offender enhancement. He argued that his 2005 Georgia conviction for attempting to manufacture methamphetamine did not qualify as a controlled substance offense and that his 2007 Georgia conviction for aggravated assault did not qualify as a crime of violence. After considering Bass's objections, the district court concluded that both convictions qualified as predicate offenses. Because Bass had at least two prior felony convictions for controlled substance offenses or crimes of violence, the district court found that he was a career offender. Applying the career offender guideline, the district court determined that Bass's guidelines range was 262 to 327 months' imprisonment.

The court ultimately imposed a sentence substantially below this range, sentencing Bass to 96 months' imprisonment. After announcing the sentence, the district court stated that it would have imposed the same sentence even if Bass were not a career offender. According to the court, if Bass were not a career offender, his guidelines range would have been 140 to 175 months' imprisonment. The court explained that even under this lower range, it would have imposed the same sentence, stating "I would not have given you one day less than . . . the 96 months." Doc. 97 at 33.[1] This is Bass's appeal.

---

[1] "Doc." numbers refer to the district court's docket entries.

II.

We review *de novo* whether a prior conviction qualifies as a predicate offense for purposes of the career offender enhancement.  *See United States v. Lange*, 862 F.3d 1290, 1293 (11th Cir. 2017).

III.

Under the Sentencing Guidelines, a defendant is eligible for the career offender sentencing enhancement if he "has at least two prior felony convictions of either a crime of violence or a controlled substance offense."  U.S.S.G. § 4B1.1(a). Bass argues that the district court erred in concluding that he had at least two prior qualifying felony convictions.  Bass does not dispute that his 2001 Alabama conviction for distribution of controlled substances qualified as a controlled substance offense for purposes of the career-offender enhancement.  But Bass claims that he had no second qualifying predicate conviction because, he says, his 2005 Georgia conviction for attempt to manufacture methamphetamine did not qualify as a controlled substance offense and his 2007 Georgia conviction for aggravated assault conviction did not qualify as a crime of violence.  We need not decide whether Bass's Georgia aggravated assault conviction qualified as a crime of violence because our precedent forecloses Bass's argument that his Georgia conviction for attempting to manufacture methamphetamine did not qualify as a controlled substance offense.

4

Under the Sentencing Guidelines, a "controlled substance offense" is

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b).  Application Note 1 to the commentary to § 4B1.2 states that this definition also includes attempt crimes.  *See id.* § 4B1.2 cmt. n.1 (defining "controlled substance offense" to "include the offenses of . . . attempting to commit such offenses.").

Bass acknowledges that Application Note 1 adds attempt crimes to the list of controlled substance offenses.  But, Bass says, this commentary to the Guidelines cannot broaden the definition of a controlled substance offense because "[c]ommentary should only interpret the guidelines, not replace or modify the guidelines."  Appellant's Br. at 15–16.  He points to a recent en banc decision from the Sixth Circuit holding that attempt crimes do not qualify as controlled substance offenses for purposes of the career offender guideline.  *See United States v. Havis*, 927 F.3d 382, 387 (6th Cir. 2019) (en banc).

Bass's argument is foreclosed by binding precedent:  our decision in *United States v. Smith*, 54 F.3d 690 (11th Cir. 1995).  In *Smith*, a defendant who was sentenced as a career offender appealed his sentence, arguing that a conviction for attempting to commit a drug crime did not count as a predicate offense for

5

determining career offender status. *Id.* at 691. We rejected his challenge, explaining that Application Note 1 to the commentary to § 4B1.2 stated that the term "controlled substance offense" included the offenses of attempting to commit narcotic crimes. *Id.* at 693. We held that this commentary was "authoritative unless it violate[d] the Constitution or a federal statute, or [was] inconsistent with, or a plainly erroneous reading of, that guideline." *Id.* (internal quotation marks omitted). Because Application Note 1 did "not run afoul of the Constitution" and was not "inconsistent with, or a plainly erroneous reading of, sections 4B1.1 or 4B1.2," we held that the commentary "constitute[d] a binding interpretation of the term 'controlled substance offense.'" *Id.* (internal quotation marks omitted). Neither this Court sitting en banc nor the Supreme Court has overruled *Smith*, so it remains binding precedent and forecloses Bass's challenge. *See United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008) ("Under the prior precedent rule, we are bound to follow a prior binding precedent unless and until it is overruled by this court en banc or by the Supreme Court" (internal quotation marks omitted)).

Because Bass raises no other argument that his conviction for attempted manufacture of methamphetamine did not qualify as a controlled substance offense, we conclude the district court did not err in treating this conviction as a

qualifying predicate offense and sentencing Bass under the career offender

enhancement.  We affirm his sentence.[2]

  **AFFIRMED.**

---

[2] Bass also argues that the district court erred at sentencing in calculating his criminal history points by assigning too many points to certain of his prior convictions.  But because Bass was sentenced as a career offender, his criminal history category was automatically set at VI, regardless of his criminal history points.  *See* U.S.S.G. § 4B1.1(b) ("A career offender's criminal history category in every case under this subsection shall be Category VI.").  Therefore, any error in the district court's calculation of Bass's criminal history score was harmless.