[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13776
Non-Argument Calendar

_____

D.C. Docket No. 6:19-cr-00013-PGB-DCI-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRANDON ROMEL DUPREE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 14, 2021)

Before MARTIN, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Brandon Dupree appeals his 106-month total sentence after he pled guilty to one count of possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1), one count of conspiracy to possess with intent to distribute heroin and cocaine, in violation of 21 U.S.C. § 846, and one count of using and carrying a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i).  Dupree argues that his conviction for conspiracy to possess with intent to distribute a controlled substance does not qualify as a controlled substance offense for purposes of the career offender enhancement under U.S.S.G. § 4B1.1.

We review *de novo* whether the status of career offender was properly imposed under the Sentencing Guidelines.  *United States v. Whitson*, 597 F.3d 1218, 1220 (11th Cir. 2010). We are bound by a prior panel opinion, even if it was wrongly decided, until the opinion's holding is overruled by the Supreme Court or our Court sitting *en banc*.  *See United States v. Golden*, 854 F.3d 1256, 1257 (11th Cir. 2017).  We have held that "a prior panel precedent cannot be circumvented or ignored on the basis of arguments not made to or considered by the prior panel." *United States v. Seabrooks*, 839 F.3d 1326, 1341 (11th Cir. 2016).

Under the Sentencing Guidelines, a defendant is a career offender if: (1) he was at least 18 years old at the time he committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) he has at least two prior felony convictions

of either a crime of violence or a controlled substance offense.  U.S.S.G. §4B1.1(a).  Further, a "controlled substance offense" is defined as "an offense under federal or state law . . . that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense."  U.S.S.G. § 4B1.2(b).  A controlled substance offense includes "aiding and abetting, conspiring, and attempting to commit such offenses."  U.S.S.G. §4B1.2, comment. (n.1).

In *Weir*, we held that conspiracy to possess with intent to distribute marijuana was a controlled substance offense within the meaning of the career offender enhancement under U.S.S.G. § 4B1.1.  *United States v. Weir*, 51 F.3d 1031, 1031-32 (11th Cir. 1995).  We reasoned that although 28 U.S.C. § 994(h)— the statutory origin of § 4B1.1—does not specifically refer to conspiracy offenses, § 994(a) of the enabling statute "grants sufficient authority to the Commission to include drug conspiracies in its definition of controlled substance offenses."  *Id.* at 1032.  Moreover, we reasoned that "common sense dictates that conspiring to distribute drugs constitutes a controlled substance offense."  *Id.*

We also held in *Smith* that application note 1 to U.S.S.G. § 4B1.2 "constitutes a binding interpretation of the term 'controlled substance offense.'"  *United States v. Smith*, 54 F.3d 690, 693 (11th Cir. 1995).

3

Here, the district court did not err in finding that Dupree's conviction for 21 U.S.C. § 846 conspiracy was a controlled substance offense within the meaning of the Sentencing Guidelines. Dupree's argument that § 846 conspiracy is not a controlled substance offense is foreclosed by our holding in *Weir*. *Weir*, 51 F.2d at 1032. This holding is binding even if it was wrongly decided, as Dupree argues, and even if Dupree's exact argument was not made to that panel. *See Golden*, 854 F.3d at 1257; *Seabrooks*, 839 F.3d at 1341. Moreover, Dupree's argument that application note 1 to § 4B1.2 is unenforceable is also foreclosed by precedent. *See Smith*, 54 F.3d at 693. Accordingly, we affirm.

**AFFIRMED.**