[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 19-10156

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

LEDELL L. ELLIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 7:16-cr-00003-HL-TQL-1

_____

Before JORDAN, ROSENBAUM, Circuit Judges, and STEELE, [*] District Judge.

PER CURIAM:

This appeal requires us to determine whether a conviction of being a party-to-the-crime of aggravated assault pursuant to Georgia statute O.C.G.A. § 16-2-20 qualifies as a crime of violence under United States Sentencing Guidelines Manual (U.S.S.G.) § 4B1.2. Following the analysis of our recent decision in *United States v. Dupree*, 57 F.4th 1269 (11th Cir. 2023) (en banc), we conclude that such a conviction does not constitute a crime of violence.[1]

## I.

After the police found Ledell Ellis with a firearm during a traffic stop, Ellis pled guilty to a single count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Using the 2016 Sentencing Guidelines, the Presentence Investigation Report (PSR) found that U.S.S.G. § 2K2.1(a)(3) applied to Ellis and established a base offense level of 22 because Ellis had a prior conviction for a crime of violence. The PSR identified the prior crime of violence conviction as a 2011 conviction in Glynn

---

[*] The Honorable John E. Steele, United States District Judge for the Middle District of Florida, sitting by designation.

[1] Given our holding, we do not address Ellis's other arguments. We also deny Ellis's motion to strike, which has been carried with the case.

County, Georgia in which Ellis pled guilty to being a party-to-the-crime of aggravated assault.

At the sentencing hearing, Ellis did not dispute that Georgia aggravated assault constituted a crime of violence.  Ellis did object to a base offense level of 22, arguing that his prior Georgia conviction could not qualify as a "crime of violence" as defined in U.S.S.G. § 4B1.2.  Ellis argued that Georgia's party to a crime statute—O.C.G.A. § 16-2-20—criminalizes conduct that falls outside of U.S.S.G. § 4B1.2's definition of a crime of violence. Specifically, Ellis argued that a defendant can be convicted under Georgia's party-to-a-crime statute for "advis[ing], encourag[ing], or counsel[ing]" another to commit aggravated assault, and this conduct falls outside the definition of a crime of violence. Ellis further argued that O.C.G.A. § 16-2-20 was a divisible statute, *see Mathis v. United States*, 579 U.S. 500, 505 (2016), but that the state court indictment and plea suggested that his codefendant in the case was the one who shot the victim and did not show how Ellis was a "party to" the aggravated assault.

The district court overruled Ellis's objections and calculated the advisory guidelines range using a base offense level of 22.  Without the characterization of the prior conviction as a crime of violence, the base offense level would have been lower.  Ellis was sentenced at the high end of the resulting Sentencing Guideline range–– 71 months' imprisonment followed by a term of three years' supervised release.

Ellis raised two issues in his direct appeal of the sentence. First, Ellis argued (for the first time) that Georgia aggravated assault is not a crime of violence under § 4B1.2 of the Sentencing Guidelines. Second, Ellis argued that his Georgia aggravated assault conviction did not qualify as a crime of violence because it was for being a party-to-the-crime. We discussed these issues in an unpublished opinion. *See United States v. Ellis*, 736 F. App'x 855 (11th Cir. 2018) (*Ellis I*).

In *Ellis I*, we noted that a base offense level of 22 required a defendant to have sustained a prior felony conviction for a crime of violence or a controlled substance offense. *See* 736 F. App'x at 857; U.S.S.G. § 2K2.1(a)(3). We turned to § 4B1.2 of the Sentencing Guidelines for the definition of "crime of violence." *Id.* We then turned to Application Note 1 of the commentary to § 4B1.2, which stated that a crime of violence or a controlled substance offense "include[s] the offenses of aiding and abetting, conspiring, and attempting to commit such offenses." *Id.* at 857–58 (citing U.S.S.G. § 4B1.2 cmt. n.1). We stated that "[t]his list of inchoate offenses in the commentary 'is not exhaustive' and 'is not necessarily limited to aiding and abetting, conspiring, and attempting.'" *Id.* at 858 (quoting *United States v. Lange*, 862 F.3d 1290, 1294–96 (11th Cir. 2017)). After discussing the categorical approach and the modified categorical approach, we determined that, under our prior precedent, a conviction under the Georgia aggravated assault statute did qualify as a crime of violence under U.S.S.G. § 4B1.2(a). *Id.* at 858 (citing *United States v. Morales-Alonso*, 878 F.3d 1311 (11th Cir. 2018)).

We noted, however, that the documents discussed at Ellis's sentencing hearing had not been introduced into evidence, as permitted by *Shepard v. United States*, 544 U.S. 13 (2005). Therefore, we

> conclude[d] the better course is to remand this case to the district court: (1) to allow the parties to put these and any other relevant *Shepard* documents into evidence; and then (2) for the district court, as the Court did in *Morales-Alonso*, to apply the modified categorical approach to look to the *Shepard* documents and determine under which portion of the divisible aggravated assault statute Ellis was convicted.

*Ellis I*, 736 F. App'x at 860. We also remanded the party-to-a-crime issue to the district court:

> In light of our decision to remand Ellis's case to the district court to examine the *Shepard* documents and determine which subsection of O.C.G.A. § 16-5-21 Ellis pled guilty to violating, we also remand the party-to-a-crime issue in this appeal. On remand, the district court shall permit the parties to brief this issue and shall consider the *Shepard* documents and any arguments the parties make in determining whether Ellis's Georgia conviction for party to the crime of aggravated assault qualifies as a crime of violence under U.S.S.G. § 4B1.2.

*Id.* at 861.

On remand, the parties stipulated to the introduction of three *Shepard* documents and filed pre-sentencing briefs. Ellis asserted three arguments: (1) the *Shepard* documents were

insufficient to show he was convicted of the version of Georgia aggravated assault with a generic "deadly weapon" aggravator; (2) Georgia party-to-a-crime was broader than generic aiding and abetting; and (3) Application Note 1 to U.S.S.G. § 4B1.2 was non-binding because it was a plainly erroneous interpretation of the Guideline provision it purported to explain. The government opposed each argument. The district court rejected all three arguments, found that the Georgia conviction for party-to-a-crime of aggravated assault qualified as a crime of violence, and imposed the same sentence as originally imposed.

This is Ellis's appeal of that sentence.

## II.

"We review *de novo* the interpretation and application of the Sentencing Guidelines." *United States v. Dupree*, 57 F.4th 1269, 1272 (11th Cir. 2023) (en banc) (quoting *United States v. Cingari*, 952 F.3d 1301, 1305 (11th Cir. 2020)). We also review *de novo* whether an offense is a "crime of violence" within the meaning of the Sentencing Guidelines. *United States v. Harrison*, 56 F.4th 1325, 1330 (11th Cir. 2023).

## III.

At all relevant times, § 2K2.1(a)(3) provided that a base offense level of 22 applied "if (A) the offense involved a (i) semiautomatic firearm that is capable of accepting a large capacity magazine; or (ii) firearm that is described in 26 U.S.C. § 5845(a); and (B) the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of

violence or a controlled substance offense." U.S.S.G. § 2K2.1(a)(3) (2016). The meaning of both "crime of violence" and "controlled substance offense" is set forth in U.S.S.G. § 4B1.2:

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).
>
> (b) The term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(a). Application Note 1 provides that "For purposes of this guideline — "'crime of violence'" and "'controlled substance offense'" include the offenses of aiding and abetting, conspiring, and attempting to commit such offenses." U.S.S.G. § 4B1.2 cmt. n.1.

As noted earlier, at the sentencing hearing on remand Ellis argued that Application Note 1 to U.S.S.G. § 4B1.2 was non-binding because it was a plainly erroneous interpretation of the Guideline it purported to explain. The parties recognized that we had rejected this argument in the unpublished decision of *United States v. Hagans*, 746 F. App'x 952 (11th Cir. 2018). The *Hagans* decision was based on our published decision in *United States v. Smith*, 54 F.3d 690 (11th Cir. 1995), in which we held that Application Note 1 "constitutes 'a binding interpretation' of the term 'controlled substance offense.'" *Id.* at 691 (quoting *United States v. Stinson*, 508 U.S. 36, 47 (1993)).

After oral arguments in this case, we decided as a full court in *Dupree* that an inchoate offense such as conspiracy did not qualify as a "controlled substance offense" for purposes of U.S.S.G. § 4B1.2(b). *Dupree*, 57 F.4th at 1280. To reach this decision, we held that, after the Supreme Court's decision in *Kisor v. Wilkie*, 139 S. Ct. 2400 (2019), the commentary in Application Note 1 to § 4B1.2 could not expand the interpretation of an unambiguous Sentencing Guideline. *Dupree*, 57 F.4th at 1275–77. We found that § 4B1.2 unambiguously excluded inchoate offenses, so the commentary's interpretation of the Guideline was not binding. *Id.* at 1277–79. We concluded that "the text of § 4B1.2(b) unambiguously excludes inchoate crimes," and therefore "we have no need to consider, much less defer to, the commentary in Application Note 1." *Dupree*, 57 F.4th at 1279. We specifically overruled our prior precedent to the contrary, including *Smith*. *Id.* at 1279 n.9, 1280.

As we stated in *Dupree*, there is a difference between the definition of "controlled substance offense" and a "crime of violence" in § 4B1.2. *Dupree*, 57 F.4th at 1278. The definition of "crime of violence" includes inchoate offenses involving an attempt. *Id.* Therefore, in the context of "crime[s] of violence," Application Note 1 is simply redundant when it references "attempting to commit such offenses."[2] On the other hand, the Guideline definition of "crime of violence" does not include aiding and abetting or conspiracy, which are only found in Application Note 1.

Georgia's party-to-a-crime law is not limited to conduct which constitutes an attempt, but also includes aiding and abetting and conspiracy. Under Georgia law, "Every person concerned in the commission of a crime is a party thereto and may be charged with and convicted of commission of the crime." O.C.G.A. § 16-2-20(a).

> A person is concerned in the commission of a crime only if he:
>
> (1) Directly commits the crime;
>
> (2) Intentionally causes some other person to commit the crime under such circumstances that the other person is not guilty of any crime either in fact or because of legal incapacity;

---

[2] Under Georgia law "[a] person commits the offense of criminal attempt when, with intent to commit a specific crime, he performs any act which constitutes a substantial step toward the commission of that crime." O.C.G.A. § 16-4-1.

(3) Intentionally aids or abets in the commission of the crime; or

(4) Intentionally advises, encourages, hires, counsels, or procures another to commit the crime.

O.C.G.A. § 16-2-20(b). "O.C.G.A. § 16–2–20 expands criminal liability from a defendant's own criminal acts (and their proximate consequences) to the criminal acts of his accomplices and agents (and their proximate consequences)." *Cash v. State*, 778 S.E.2d 785, 788 (Ga. 2015) (citation omitted). *See also Williams v. State*, 869 S.E.2d 389, 393 (Ga. 2022) ("Conviction as a party to the crime requires evidence of common intent and may be inferred from presence, companionship, and conduct before, during, and after the offense.") (quoting *Hood v. State*, 847 S.E.2d 172, 177 (Ga. 2020)).

We have not overlooked *United States v. Coats*, 8 F.4th 1228 (11th Cir. 2021), which held that a Georgia conviction for party to a crime of burglary constitutes a "violent felony" as defined in the Armed Career Criminal Act. *Coats* predates our *Dupree* decision and involved the application of a statutory provision of the ACCA, not commentary to a Sentencing Guidelines provision. Although our interpretation of an ACCA provision can provide guidance with respect to the interpretation of a similarly-worded Guideline provision, *see United States v. Taylor*, 489 F.3d 1112, 1113 (11th Cir. 2007), here there is daylight between our interpretation of the ACCA and the Guidelines. *Cf. United States v. Hall*, 714 F.3d 1270, 1273-74 (11th Cir. 2013) (holding prior conviction for possession of sawed-off shotgun qualified as a "crime of violence" under Guidelines even though it is not a "violent felony" under the ACCA). For

example, 18 U.S.C. § 2 expressly provides that anyone who "aids [or] abets" the commission of a federal offense is "punishable as a principal." But § 4B1.2(a), in defining a "crime of violence," does not mention aiding and abetting. After *Dupree* the Guidelines' "crime of violence" definition controls, and we cannot consider the contrary commentary. Ellis's Georgia conviction for party to the crime of aggravated assault therefore cannot qualify as a "crime of violence" to support an enhanced sentence.

Based on *Dupree*, we hold that the definition of "crime of violence" in § 4B1.2(a) does not include a conviction for being a party-to-a-crime under O.C.G.A. § 16-2-20(b). Here, Ellis's only conviction for a crime of violence was such a conviction, and therefore he did not satisfy the requirement under U.S.S.G. § 2K2.1(a)(3). We vacate Ellis's sentence and remand for resentencing consistent with this opinion.[3]

**VACATED AND REMANDED.**

---

[3] We acknowledge that the Sentencing Commission has submitted amendments to Congress that would expressly include inchoate offenses—such as aiding and abetting, attempt, and conspiracy—in the definitions of "crime of violence" and "controlled substance offense" in § 4B1.2. Sentencing Guidelines for United States Courts, 88 Fed. Reg. 28,254, 28,275 (May 3, 2023). Absent action from Congress, these amendments will take effect on November 1, 2023. But because they are not currently in effect, they do not impact our analysis today.